Angelina Massa, Plaintiff, *v.* Anthony Massa, Defendant.

Supreme Court, Special Term, New York County, March 21, 1950.

*Robert F. Sheil* for plaintiff.

*Jacob Streiner* for defendant.

Benvenga, J. This is a motion under section 1171-b of the Civil Practice Act to enter judgment for arrears in alimony.

In December, 1947, a decree of divorce was entered herein. Pursuant to the terms of that decree, the defendant was required to pay to the plaintiff the sum of $45 per week, commencing December 1, 1947. On April 20, 1948, the defendant moved to modify the decree and reduce the amount of alimony. Thereafter, this court reduced the alimony to $20 per week, effective as of April 20, 1948. Then, on June 6, 1949, the plaintiff obtained an order in the Family Court, which required the defendant to pay the plaintiff the sum of $12 per week, for the support of their child.

It appears that, between December 1, 1947, and April 20, 1948, the defendant fell in arrears in the sum of $700 and that from April 20, 1948, to June 1, 1949, the defendant fell in arrears in the sum of $590. Therefore, prior to the plaintiff's application to the Domestic Relations Court, the defendant was in arrears in a total sum of $1,290. An examination of the filed papers fails to indicate, as claimed by the defendant, that this court denied the plaintiff's right to this sum. She is unquestionably entitled to judgment in this amount.

The remaining question concerns the right of the plaintiff to have judgment entered for the difference between the amount paid by the defendant pursuant to the order of the Domestic Relations Court, dated June 6, 1949, to wit, $12 per week, and the amount theretofore ordered to be paid by this court on September 22, 1948, in the sum of $20 per week. The differential from June 6, 1949, to October 31, 1949, the dates during which relief is sought, is in the sum of $168.

The Family Court is a statutory court. Its jurisdiction is defined and limited by statute. Within the limits prescribed, it has jurisdiction to compel a husband and father to support his wife and children (N. Y. City Dom. Rel. Ct. Act, §§ 92, 137; *Matter of Costa* v. *Costa,* 247 App. Div. 192; *Fiorentino* v. *Fiorentino,* 249 App. Div. 561; *Matter of James* v. *Domestic Relations Court,* 175 Misc. 319). However, there is nothing in these or in any other sections of the Domestic Relations Act, which authorizes the Family Court to modify any order of this court. Such an order may be modified only in the manner provided by law; that is by motion in this court or on appeal from an order of this court (60 C. J. S., Motions & Orders, § 62, p. 73, 21 C. J. S., Courts, § 501, p. 765).

Clearly, the Family Court had the power, under the circumstances then appearing, to make an order providing for the support of the child of the plaintiff and defendant herein. Section 137 of the New York City Domestic Relations Court Act specifically provides that, where the marriage relationship has terminated by final decree of a competent court, a petition may be filed or an order for support made or enforced in the Family Court " only for the benefit of a child of such marriage " (see § 137, subd. 1).

The motion is accordingly granted. Settle order.