'' FLORENCE MARTIN '', on Behalf of '' JOHN SPARKS '' and Another, Petitioner, *v.* '' FRED SPARKS '', Respondent.†

Domestic Relations Court of the City of New York, Family Court, Bronx County, October 23, 1951.

---

† Names fictitious for the purpose of publication.

".

*Murray Feldman* for petitioner.

*Robert G. Peters* for respondent.

BOLIN, J. There is squarely presented for determination the recurrent question whether this court has the power to enter an order for support of minor children of divorced parents in a sum exceeding the amount awarded in a New York Supreme Court final divorce judgment.

For the following reasons I am reluctantly constrained to answer that question in the negative.

In February, 1943, there was entered in the Supreme Court, Bronx County, a final judgment of divorce, in favor of the mother and against the father of John and Ruth Miriam Sparks, which granted custody to the mother and directed the father to pay toward their support, education and maintenance $8 per week.

That nominal sum was predicated on the father's then earning of only $27 per week; and because his current net earnings have now allegedly risen to at least $91 per week and the children are eight years older, this court has been petitioned to enter an order requiring him to pay, instead, a minimum of $35 per week.

It is axiomatic that this is a statutory court having solely the enumerated powers expressly conferred by Domestic Relations Court Act of the City of New York (L. 1933, ch. 482, as amd.). Those powers include " Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife, child or poor relative " (N. Y. City Dom. Rel. Ct. Act, § 91, subd. 1) and " To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties " (N. Y. City Dom. Rel. Ct. Act, § 92, subd. 1). However, because the Supreme Court of the State of New York also possesses statutory jurisdiction to

order support as an incident to a matrimonial action (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Johnson* v. *Johnson*, 206 N. Y. 561; *Caldwell* v. *Caldwell*, 298 N. Y. 146), section 137 of the Domestic Relations Court Act, has since its inception imposed certain limits on the exercise of the concurrent support jurisdiction of the Domestic Relations Court of the City of New York.

Prior to the below-described 1942 amendment, that section had read: " § 137. *Divorces; separations; annulments, et cetera.* Where a divorce, separation or annulment has been granted to the petitioner by the supreme court or a suit for such relief is pending, and the respondent has been required under the terms of any order or decree entered in such separation, divorce or annulment proceeding to pay a specified sum to the petitioner or her children as alimony or maintenance and has failed to do so, that fact shall not be a bar to a proceeding in the family court to compel support within the limits of the order of the supreme court and as set forth by section ninety-two of this act, provided that the respondent is not in jail for failure to obey the order of the supreme court ''.

The foregoing language clearly specified that in the event of a violation of an order or decree entered in a Supreme Court of the State of New York action for divorce, as well as in one for separation or annulment, the Family Court would have jurisdiction to make an order compelling support only within the limits of that Supreme Court direction.

By chapter 762 of the Laws of 1942, effective May 11, 1942, section 137 of the Domestic Relations Court Act of the City of New York was amended to read, insofar as pertinent:

" 1. If the marriage relationship shall have been terminated by final decree of the supreme court of the state of New York or by judgment of any other court of competent jurisdiction, when valid in the state of New York, a petition may be filed or an order for support made or enforced in the family court only for the benefit of a child of such marriage.

" 2. Where a separation has been granted by the supreme court of the state of New York to either spouse or an action for divorce, separation, annulment or dissolution is pending, and the husband or father shall have been required under the terms of any order or decree entered in such supreme court action, to pay a specified sum to the spouse or for her child or children as alimony or maintenance and has failed to do so, a proceeding may be instituted in the family court to compel support within the limits of the order or decree of the supreme

court and as set forth by section ninety-two of this act, unless the respondent is in jail for failure to obey the order of the supreme court. In the absence of an order of the supreme court in such action providing for support of a child or children up to the age of seventeen years, the family court may entertain a petition for the support of such child or children."

In petitioner's behalf it is speciously argued that the intent and result of such amendment were to exempt Family Court orders for support of children of divorced parents from the earlier restrictive clause " within the limits of the order of the supreme court ".

In the first place, that argument disregards the history and actual purpose of such amendment, namely, to remove all doubt as to the Family Court's lack of jurisdiction to entertain a new proceeding for support of a former wife or to continue in her behalf a previous Family Court support order after the date of the entry of a binding final divorce judgment.

" The sentence just quoted, particularly the words ' where a divorce, separation or annulment *has been granted* to the petitioner ' left open to doubt whether an order could be made or continued for support of a former wife who had procured a final judgment of divorce or annulment and an award therein of alimony which was not being paid * * *.

" So, to resolve any possible doubt by providing expressly that there could be no Family Court order for an *ex-wife,* the above-quoted present subdivision 1 of section 137 of the Domestic Relations Court Act of the City of New York was enacted by chapter 762 of the Laws of 1942.

" As the author of such new subdivision 1 of section 137 of the Domestic Relations Court Act of the City of New York I know that *its sole purpose* [emphasis supplied] was to end any confusion from the co-mingling, in one sentence, of provision for the Family Court's taking jurisdiction upon violation of a *pendente lite* support order made in a divorce, annulment, or separation action or of a support direction contained in a final judgment of *separation* and barring jurisdiction after breach of a final judgment of *divorce* or *annulment.*" (" *Morton* " v. " *Morton* ", 199 Misc. 547, 559–560 [SICHER, J.].)

It is unreasonable, furthermore, to impute to the Legislature an intent to discriminate against the children of judicially separated parents by confining the power of the Family Court to " within the limits " of the Supreme Court direction for their support while eliminating such ceiling in respect to children of divorced parents.

Moreover, as held by Supreme Court Justice BENVENGA, the Family Court's statutory powers do not include jurisdiction to modify the support direction in a New York State Supreme Court judgment of divorce (*Massa* v. *Massa*, 198 Misc. 149). Such Supreme Court direction may be modified only by motion in the Supreme Court or on appeal from the order or judgment of that court (60 C. J. S., Motions and Orders, § 62; 21 C. J. S., Courts, § 501).

True, as petitioner's counsel urges, there are decisions to the effect that the Family Court has power to enter an order compelling a father to contribute to the support of his child an amount in excess of that awarded in a sister-State decree of divorce (*Matter of Karchner* v. *Kane*, 275 App. Div. 715; *Scrima* v. *Scrima*, 265 App. Div. 483; *Mallina* v. *Mallina*, 167 Misc. 343; *Stone* v. *Stone*, 44 N. Y. S. 2d 558). Apart from the doubt whether those decisions have been impliedly overruled by *Johnson* v. *Muelberger* (340 U. S. 581), they are in any event distinguishable because they turn wholly on the Full Faith and Credit Clause of the United States Constitution and do not touch at all the totally different instant question of the relation between the matrimonial jurisdiction of the Supreme Court of the State of New York and the summary support jurisdiction of the Domestic Relations Court of the City of New York. For the Supreme Court of the State of New York, being empowered to order support only as an incident to an action for divorce, separation or annulment (*Matter of Bedrick* v. *Bedrick*, 151 Misc. 4, affd. 241 App. Div. 807; *Moen* v. *Thompson*, 186 Misc. 647, and cases cited *supra*) has no jurisdiction to order support of a child of parents divorced in another State (see *Helman* v. *Helman*, 190 Misc. 991).

Accordingly the petition must be and hereby is dismissed for lack of subject-matter jurisdiction.

Fortunately, that disposition will not leave the petitioner without remedy. She may apply to the Supreme Court, Bronx County, for an increase of the amount of the order for support of the children and for counsel fees.

However, that remedy is illusory whenever, as often happens, the father's resources are so slender as to make unpropitious the prospect of sufficient compensation to induce an attorney to undertake a Supreme Court application. It is hoped that today's decision may stimulate the Legislature to amend section 137 of the Domestic Relations Court Act so as to open the door of the Family Court, where the staff prepares all necessary papers without fee, to all children of divorced and judicially

separated parents without any restriction as to the amount of the order, except as justice requires having due regard to the circumstances of the respective parties. For the preponderance of cases in this court involves persons of a financial level which renders impracticable recourse to the Supreme Court. Indeed, many such cases reflect an undue burden on the general public because of the need of the department of welfare of the City of New York to supplement inadequate Supreme Court maintenance provisions even though the father's present financial status would justify his being compelled to contribute more than the Supreme Court award.