Samuel H. Hofstadter, J.
The plaintiff brings this action to recover $2,371.28 claimed to be due under a decree of divorce obtained by her against the defendant in the Superior Court of the State of California, County of Los Angeles. The divorce decree directed the defendant to pay the plaintiff $675 a month for her support and that of the minor child of the marriage. The plaintiff is a resident of California, while the defendant is now a resident of the State of New York.
The defendant, having failed to make the payments directed by the California decree, the plaintiff in August, 1954, instituted a proceeding in the California Superior Court under the Uniform Beciprocal Enforcement of Support Act of California (California Code Civ. Pro., pt. 3, tit. 10a, §§ 1650-1690). Thereupon, pursuant to that California statute, the petition and the other appropriate papers were duly transmitted to the Domestic Belations Court of the City of New York for a reciprocal statutory further proceeding there under the New York Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.).
After a hearing in the Family Court Division of the latter court an order was made on September 14, 1954 directing the *165 defendant to pay $400 a month for the support of the plaintiff and the child. In the court below the defendant admitted that at the time the order was made by the Domestic Eelations Court he was in default under the California divorce decree and, on this admission, partial summary judgment was granted to the plaintiff for the balance due under the California decree at that time.
The defendant has, since September 14, 1954, made the $400 monthly payments directed by the order of the Domestic Eelations Court. The plaintiff’s complaint to recover the difference between these $400 payments and the $675 monthly directed to be paid by the California decree has been dismissed on the ground that the order of the Domestic Eelations Court is a bar to this claim. The Municipal Court held that New York had the same power to modify the California decree that California had, and that the Domestic Eelations Court order was an effective exercise of this power, citing Halvey v. Halvey (330 U. S. 610) and Langerman v. Langerman (303 N. Y. 465). This appeal presents the question of the correctness of the ruling so made.
It is not disputed that the California court has at no time modified the support provision in its decree. Since under California law an alimony decree may not be modified retroactively to deprive a wife of alimony which has already accrued (Keck v. Keck, 219 Cal. 316, 321), its divorce decree is entitled to full faith and credit and will support an action in another State for the recovery of alimony due thereunder (Sistare v. Sistare, 218 U. S. 1; Rosenberg v. Rosenberg, 118 N. Y. S. 2d 813).
We do not reach the broad question whether a New York court may, in any case, modify the California decree, for we are persuaded that the Domestic Eelations Court not alone did not have the power so to do in this case but did not even purport to do so. The order of the Domestic Eelations Court was, as stated, made pursuant to the Uniform Support of Dependents Law.
The Uniform Support of Dependents Law was enacted in New York as chapter 807 of the Laws of 1949. Its declared purpose is “ to secure support * * * for dependent wives, children and poor relatives from persons legally responsible for their support ”. While New York was among the first of the States to adopt the legislation, substantially similar reciprocal statutes are now in effect in all the States and territories of the United States (see McKinney’s Unconsol. Laws of N. Y., 1955 Supp., § 2111 and footnotes). The constitutionality of the *166 New York aet has very recently been upheld in a full opinion by the Court of Appeals (Landes v. Landes, 1 N Y 2d 358, affg. 1 A D 2d 772, affg. 207 Misc. 460). The court affirmed a support order made by the Family Division of the Domestic Relations Court of the City of New York in a proceeding under the Uniform Support of Dependents Law initiated by a former wife residing in California where she had obtained a divorce. The statute declares that it “ shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter ”. (L. 1949, ch. 807, § 8, as amd.) Under a very similar provision, though worded perhaps more comprehensively, it has been held that the making of a support order under the Texas Uniform Reciprocal Enforcement of Support Act (Revised Civ. Stat., art. 2328b, parts I, II, III) does not bar an action in Texas to recover on a judgment obtained by the wife in Arkansas for arrears due under an Arkansas divorce decree (Stubblefield v. Stubblefield, 272 S. W. 2d 633 [Tex.]).
The Domestic Relations Court is a statutory court of limited jurisdiction and is without power to modify an alimony order of the Supreme Court (Massa v. Massa, 198 Misc. 149; see, also, “ Martin ” v. “ Sparks ”, 202 Misc. 581). It follows a fortiori that if the Domestic Relations Court is powerless to modify a direction of the Supreme Court of this State in a matrimonial action, it is equally without power to modify a like direction of the court of another State.
The defendant’s further contention that the order of the Domestic Relations Court is conclusive against the plaintiff because res judicata, may not prevail. Because of the narrowly circumscribed jurisdiction of the Domestic Relations Court, its support order is not binding on the parties in later litigation in another court (Loomis v. Loomis, 288 N. Y. 222; “ Morton ” v. “Morton”, 199 Misc. 547, 551; see, also, “Jokai” v. “ Jokai ”, 121 N. Y. S. 2d 517).
Though the complaint here pleads a second cause of action in which the plaintiff asks for a counsel fee for prosecuting this action, the plaintiff does not seem to press this claim upon us. In any event, it is clear that the claim is without basis in an action such as the present one.
The plaintiff is thus entitled to recover the unpaid balance of the amount directed to be paid by the California decree. Since this amount is not disputed and there are no other triable *167 issues, it follows that the order, insofar as appealed from, should be reversed and the plaintiff’s motion for summary judgment granted.
The order so far as appealed from should be reversed, with $10 costs, and plaintiff’s motion for summary judgment granted.
Hecht and Aurelio, JJ., concur.
Order reversed, etc.