Mario Pittoni, J.
The plaintiff moves pursuant to rule 109 of the Rules of Civil Practice for an order striking out certain defenses contained in the answer on the ground that they are insufficient in law on the face, and for an order granting summary judgment in favor of the plaintiff.
The plaintiff sets forth two causes of action, one for payments due under a separation agreement, and the other for support payments due under the terms of a Florida decree of divorce. The answer contains denials and affirmative defenses.
Let us first consider the motion for summary judgment. Though some of the denials seem to be sham, there is at least one issue entitling the defendant to a trial on the first cause of action. The defendant claims that payments due prior to March 12, 1953 (six years prior to the service of the summons) are barred by the Statute of Limitations, and that he has made full payment of all sums due thereafter up until the time of the divorce decree. He may raise the defense of the Statute of Limitations even though his answer is deficient in this respect (Curry v. Mackenzie, 239 N. Y. 267). Thus, the defenses of Statute of Limitations and of full payment raise triable issues, and the motion for summary judgment as to the first cause of action must be denied.
In respect to the second cause of action the denials of the defendant in the light of the plaintiff’s proof do not raise triable issues, and his affidavit does not claim full payment in accordance with the terms of the divorce decree. Therefore, there is *31 at most only a question of the amount still owing under that decree.
As for the motion to strike the defense as legally insufficient, the first separate and distinct partial defense to the plaintiff’s second cause of action is insufficient. The defendant claims that an order of the Children’s Court reduced the payments due under the divorce decree from $75 to $60 per month. However, that court had no power to do so (Morse v. Morse, 3 Misc 2d 163). In the Morse case the court said that an order under the Uniform Support of the Dependent’s Law does not purport to modify a foreign divorce, judgment or decree containing support provisions, and that if that were the purport of the order it would have no power to do so.
The second separate and distinct defense to the plaintiff’s second cause of action is also legally insufficient. It alleges “ The separation agreement by its very terms acts as a complete bar to the plaintiff’s second cause of action ”. This is but a legal conclusion, not an ultimate fact, and must be stricken as legally insufficient. (Morgenstern v. Cohon, 2 N Y 2d 302.)

Conclusion:

Therefore, the motion to strike the first separate and distinct partial defense and by way of setoff to the plaintiff’s second cause of action is granted;
and to strike the second separate and distinct defense to the plaintiff’s second cause of action is granted;
and motion for summary judgment as to the second cause of action is granted with an assessment to be made as to the damages therein;
but the motion for summary judgment as to the first cause of action is denied. The causes of action must be severed.
Submit order.