Birdie .Amsterdam, J.
Defendants move to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice. Plaintiff and the defendant Dickron are husband and wife. The other defendant, Bose, is his daughter by a prior marriage. Plaintiff married Dickron on or about July 24, 1949. At that time he owned premises No. 2924 Morgan Avenue in the Borough of The Bronx. Some three years after the marriage, on or about September 25, 1952, Dickron transferred his ownership in said property to Ms daughter, Bose. Plaintiff claims such transfer was made without consideration and with the fraudulent intent and purpose of defrauding and frustrating her to the following quoted extent as alleged in her complaint (par. 5): “ evading Ms anticipated obligations to support and maintain the plaintiff and for the purpose of frustrating any anticipated orders of the Courts of the State of New York directing said defendant to support and maintain the plaintiff as his wife, and with the intent and purpose to hinder, delay and defraud the creditors of the said defendant, Dickron Kafalian ’ \
The afore-cited allegations of her complaint are predicated upon the further alleged factor that, on or about July 23, 1959, Dickron abandoned plaintiff, whereupon she instituted a proceeding in the Domestic Belations Court for support; that an order was there entered directing him to pay $20 weekly for her support and to furnish her with a place of residence; that as of December 9,1959, Dickron owes $280 in arrears; that he has left the jurisdiction of this State and has no assets or property here other than the premises afore-stated; that if title to same is not transferred back to Dickron, plaintiff will be unable to obtain any support or maintenance from him. Plaintiff therefore seeks the following relief: (1) that the transfer of the afore-stated property to the defendant Bose be adjudged fraudulent and be set aside; (2) that the defendant Dickron be declared to be the owner of said real property; and (3) that the premises be sold,- and a receiver appointed to apply the proceeds to the payment of the amount due plaintiff under the order of the Domestic Belations Court.
Plaintiff relies upon section 279 of the Debtor and Creditor Law, which provides as follows:
‘ ‘ Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may * * *
*1067 “ c. Set aside the conveyance or annul the obligation Plaintiff contends that the facts as pleaded in her cause of action bring her within the ambit of this statute; that it contemplates and protects a wife from fraudulent conveyances of a husband intended to frustrate her efforts to obtain support from him. Unfortunately, her argument is not sustained by the allegations of her complaint herein nor are the cases cited in support of her position in point. They are inapposite in their facts or distinguishable in law. In the case of Enthoven v. Enthoven (167 Misc. 686, affd. 256 App. Div. 813) the parties had executed a separation agreement on October 11, 1921. On January 15, 1937 the husband transferred all of his assets by deed dated that date. In July of the same year, 1937, the wife obtained judgments upon the separation agreement. Under these circumstances, the court held the wife to be a creditor, under the Debtor and Creditor Law, since her rights were predicated upon a contractual obligation. She had the right under the separation agreement to sue thereon for any default in payment. Such rights therefore constituted her a creditor of her husband whether her claim was matured or unmatured. Obviously the facts in the Enthoven ease are inapplicable here where there is no written separation agreement upon which a contractual obligation can be predicated to give rise to a debtor-creditor relationship within the contemplation of section 279 of the Debtor and Creditor Law.
Reliance by plaintiff upon Leitman v. Leitman (21 Misc 2d 653, affd. 9 A D 2d 682) is also misplaced. There, after the wife had obtained a judgment of separation directing alimony payments, the husband made transfer of his property. The court dismissed her complaint holding that her cause of action lacked many of the essential allegations required to be pleaded under the Debtor and Creditor Law. The case at bar is factually far different from the two afore-cited cases. Here the transfer was made to the defendant’s daughter seven years before his marital difficulties arose with plaintiff—seven years before she went to the Domestic Relations Court to obtain support because her husband abandoned her on or about July 23, 1959. To hold that under these circumstances plaintiff is a “ creditor ” of her husband because she now has an order of the Domestic Relations Court, is to extend the application of the Debtor and Creditor Law far beyond its contemplation. When defendant Dickron conveyed his property to his daughter in 1952, plaintiff had no claim against him, matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent, within the ambit of the definition nf the term “ creditor ” in section 270 of the *1068 Debtor and Creditor Law. It was not until after July in 1959 that plaintiff first obtained her support order in the Domestic Relations Court. Arrears under a support order of that court does not constitute plaintiff a “ creditor ” within the contemplation of the Debtor and Creditor Law. She is relegated and confined exclusively to the remedies specified in the Domestic Relations Court Act for the collection of such arrears, and, such remedies are obtainable solely in the Domestic Relations Court. They may not be enforced in the Supreme Court, for the following reasoning as stated in the case of Reisman v. Reisman (46 N. Y. S. 2d 335, 338): “we find that an analysis of the Domestic Relations Court Act does not indicate any intent on the part of the Legislature to permit of the bringing of an action at law to recover outstanding arrears of payments ordered by that court nor to the entry of judgment for such arrears ”.
Moreover, even alimony has been held not to be strictly a debt due a wife, under section 270 of the Debtor and Creditor Law, but rather a general duty of support made specific and measured by the court (Bishop v. Bishop, 204 Misc. 128).
Accordingly, it follows, in my opinion, that since the plaintiff cannot make the arrears under the order of the Domestic Relations Court the basis of an action in the Supreme Court, she is consequently not a creditor having a claim against her husband, under the facts here, within the ambit and intendment of the Debtor and Creditor Law. The complaint must, therefore, be and is hereby dismissed.