Bernard Nadel, J.
Motions Nos. 47 and 53 have been considered together.
Both plaintiff and defendant move for summary judgment.
The indorsement on the summons states that the action is to recover the sum of $4,835 for accumulated arrears (April 5, 1961-Oct. 7,1963) for the support and maintenance of two minor children of the parties to the action, under a decree of divorce issued out of the Superior Court of Cook County, Illinois. The defendant’s answer consists of a general denial and the defense of payment.
In opposition to the plaintiff’s motion for summary judgment and in support of defendant’s cross motion for summary judgment the defendant submits an affidavit of his attorney which does not dispute any of the facts alleged by the plaintiff. However, the defendant contends that, as a matter of law, the plaintiff cannot succeed in a New York court since (1) she has not pleaded the Illinois statute and (2) she has not reduced her claim for arrears to final judgment in the State of Illinois.
Under the provisions of section 344-a of the Civil Practice Act, the court had the power, in its discretion, to take judicial notice of the law of a sister State. However, courts, at times, were reluctant to exercise this power. But in Pfleuger v. Pfleuger (304 N. Y. 148) the Court of Appeals held that the court at a Special Term for Motions, in the exercise of its *1008 discretion, may take judicial notice of the law of another State, in passing on the sufficiency of a pleading.
Thus, even under the provisions of the Civil Practice Act, the defendant’s first contention is valid only if the court, in its discretion, refused to take judicial notice of the law of Illinois.
The Advisory Committee on Practice and Procedure, considering judicial notice of law, stated that£ £ Discretion to refuse to take judicial notice of the law of sister-states seems clearly unwarranted ”. (Second Preliminary Report of Advisory Comm, on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, p. 258.)
Since September 1, 1963, the effective date of the Civil Practice Law and Rules, the taking of judicial notice of the law of a sister State is no longer discretionary with the court. Subdivision (a) of rule 4511 of the Civil Practice Law and Rules clearly mandates every court to take judicial notice of the public statutes of every State. Subdivision (a) of rule 4511 provides: £ £ Every court shall take judicial notice without request of the common law, constitutions and public statutes of the United States and of every state, territory and jurisdiction of the United States and of the official compilation of codes, rules and regulations of the state except those that relate solely to the organization or internal management of an agency of the state and of all local laws and county acts.”
Plaintiff did not have to plead the Illinois law, and defendant’s first contention is, therefore, without merit.
The defendant’s second contention is that the statutes of Illinois specifically provide that an award for alimony and maintenance may be altered by the court from time to time and, therefore, the plaintiff cannot sue upon the actual Illinois decree but must first reduce her claim for arrears to final judgment in the State of Illinois.
An examination of the law of the various States indicates that there is a definite conflict of authority as to the extent of the power of the courts to modify a decree. In some jurisdictions there is no inherent power to modify a decree prospectively. In many jurisdictions, including New York, the courts have the power to modify, cancel and reduce the arrears which have become due under the decree for alimony, maintenance or support prior to the filing of a petition for such modification, cancellation or reduction. In.other jurisdictions the courts do not have the power to modify, cancel or reduce the amount of arrears due under the decree for alimony, maintenance or support although the courts in such jurisdictions may modify the *1009 decree with respect to payments due after the filing of a petition for such modification or after the entry of an order thereon (Ann. 6 ALR 2d 1278-1294). The State of Illinois is clearly within this latter classification.
The Illinois Divorce Statute (Rev. Stat., 1961, ch. 40, § 19) provides, inter alia: ‘ ‘ The court may, on application from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper.”
The courts in the State of Illinois have consistently held that this language in the statute gives the court the power to modify alimony, maintenance and support in futuro but does not give the court the power to alter or modify past-due installments of alimony, maintenance or support. In Banck v. Banck (322 Ill. App. 369, 376 [1944]) the court passing on this language of the divorce statute held: 1 ‘ Alimony past due under a decree is a vested debt and cannot be set aside nor can payment of amount past due thereunder be changed by a subsequent order of court [citing numerous cases]. But as to alimony payments accruing in the future she has no vested rights [citing cases].”
After examining the Illinois cases on this subject, the court finds that the law in Illinois is that the amount past due for alimony, maintenance or support is a vested right and cannot be affected by subsequent modification of the decree. (Hurt v. Hurt [1953], 351 Ill. App. 427; Page v. Page [1961], 32 Ill. App. 2d 422 [alimony reduced but effective month following filing of petition to reduce alimony]; Warren v. Warren [1963], 40 Ill. App. 2d 286 [the court reduced weekly alimony payments but only effective as of the date of the filing of the opinion].)
The cases cited by the defendant do not deal with the law of Illinois.
After independent research the court takes judicial notice that the law of the State of Illinois is that past-due installments of alimony and support money are a vested right and cannot be affected by subsequent modification of the decree, since the court has no authority to modify them in any particular, either as to amount or time of payment.
Accordingly, plaintiff’s motion for summary judgment is granted and defendant’s cross motion for summary judgment is denied. Defendant’s answer is stricken and the Clerk is directed to enter judgment for the plaintiff against the defendant for the sum of $4,835, with interest as demanded in the summons together, with costs.