Arnold L. Fein, J.
Motions Nos. 205 and 206 are consolidated and considered simultaneously.
Plaintiff wife moves for summary judgment in an action to recover arrears of $3,690 allegedly due from defendant husband under support orders, at the rate of $90 per week, made by the Pennsylvania Court of Quarter Sessions of the Peace and the Middlesex New Jersey Domestic Relations Court. Both courts are equivalent to our Family Court. The Pennsylvania order was made while plaintiff and defendant were both residents of that State, where plaintiff still resides. The New Jersey order was made under the Uniform Support of Dependents Act, defendant having removed to that State while in arrears under the Pennsylvania order.
Plaintiff argues the arrears are a debt similar to any other debt incurred in another State on which summary judgment must be granted.
Defendant cross-moves to dismiss the complaint on the grounds that (1) this court has no jurisdiction of the subject matter, and (2) prior orders of our Family Court render the matter res judicata.
Defendant’s challenge to the jurisdiction of the court is premised on cases holding that an independent action will not lie to recover outstanding arrears due under (a) orders of the New York Family Court (Reisman v. Reisman, 46 N. Y. S. 2d 335), or (b) orders or judgments of the New York Supreme Court in separation or divorce actions (Melchore v. Melchore, 212 N. Y. S. 2d 213). The rationale of these and other cases so holding is that the Legislature has provided exclusive enforcement remedies in the proceedings or actions in those courts which pretermit independent actions. (Kafalian v. Kafalian, 27 Misc 2d 1065; Kahn v. Sampson, 23 A D 2d 539.)
However, this has nothing to do with enforcement of a foreign order, judgment or decree, required to be given full faith and credit as ‘ ‘ judicial proceedings ” of a sister State under the United States Constitution (art. IV, § 1). Pursuant thereto, the jurisdiction of this court to entertain an action to recover arrears due and vested under a sister State decree of divorce or separation is undoubted. (Morse v. Morse, 3 Misc 2d 163; Hatoff v. Hatoff, 41 Misc 2d 1007.) The support orders of the courts of sister States, equivalent to our Family Court, would appear to stand on the same footing. The action is one to *897 recover a money judgment within the monetary jurisdiction of this court. Unless the Uniform Support of Dependents Act or some other legislation confers exclusive jurisdiotion over the enforcement of such orders on some other court and ousts this court of jurisdiction, such an action for a money judgment lies here.
Section 411 of the Family Court Act confers on the Family Court “exclusive original jurisdiction * * * in proceedings under article three-a of the domestic relations law, known as the uniform support of dependents law. ’ ’ The Domestic Relations Law (art. 3-A, § 34, subd. 2; § 37, subd. 11) authorizes our Family Court, in such a proceeding, to make a temporary or final order of support “as justice requires”, “ having due regard to the parties’ means and circumstances.” Article 3-A appears silent as to arrears due under the court orders of the initiating State, although it does provide that the Family Court shall transmit its proceedings, orders and the moneys collected thereunder to the courts of the initiating State for transmission to the petitioner. Enforcement is by our Family Court.
Section 458 of the Family Court Act, conferring power on the Family Court to cancel arrears, is not contained in article 3-A. of the Domestic Relations Law (Uniform Support of Dependents Law), nor is it referred to therein. It obviously intends only orders of our Family Court and not those of courts of sister States. Otherwise it might fall afoul of the Federal constitutional mandate of full faith and credit.
As held in Matter of Santa Clara v. Hughes (43 Misc 2d 559, 565): “ All of the language of the New York statute connotes futurity, rather than redress for past derelictions or wrongs.” However, as that case further states (p. 566) this does not preclude an action “ in a court other than the Family Court ” to recover moneys due under a foreign decree or order when vested. Subdivision 1 of section 41 of the Domestic Relations Law provides that the power conferred on the Family Court under the Uniform Support of Dependents Act is in addition to other remedies: ‘ ‘ This article shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.”
The Family Court, “ created to provide by summary order current and future support of wives, and children and * poor relatives ’, is without jurisdiction to grant the equivalent of a money judgment for past expenditures.” (Schacht v. Schacht, 58 N. Y. S. 2d 54, 62, citing Reisman v. Reisman, supra, and *898 pointing to the availability of a common-law action in another court to recover for past obligations.) This is such an action and such a court. (See Morse v. Morse, 3 Misc 2d 163.)
Nor is defendant on better ground on his plea of res judicata. Defendant moved to New York while still in arrears under the Pennsylvania and New Jersey orders and continued to ignore both. Accordingly proceedings under the uniform act were instituted against him in our Family Court, resulting in the orders relied on for the plea of res judicata. Whether the Family Court purported to eliminate the arrears accrued under the sister State orders is not clear. Its temporary order (Timoke, J., Oct. 5, 1964) directed defendant to pay $60 per week “on a means basis ” for support of his wife and three children, and stated: “ Resp. to pay $700 by 10/14/64. * * * Adj. for hearing on Final order and to consider question of arrs. under prior orders of other states.” The final order (Ferrara, J., May 24, 1965) required defendant to pay $50 per week for support of the children and stated, “ arrears cancelled ”, without indicating whether it was referable to arrears under the New York or foreign orders. The record does not support defendant’s contention that the arrears under the foreign orders were cancelled. Although there was discussion before both Family Court Judges concerning the modification of these arrears, there was also clear recognition that this could not affect those orders without action by the courts of the initiating States. Judge Timoke stated: “ I am making this order $700 now because I recognize the accumulated needs. * * * whether this supersedes the order or the other court shall say these payments are on account * * * I can’t tell you what Pennsylvania will do
The court was aware of the limitations on its power.
Obviously, within its statutory power to make such order ‘ ‘ as justice requires”, “having due regard to the parties’ means and circumstances ’ ’, the Family Court might limit the amount which it would order and enforce by its peculiar remedies and procedures, not available in this court. But this is far different from canceling or modifying the orders of courts of other States.
As a court of limited statutory jurisdiction, the Family Court does not have the power to modify an alimony order of our Supreme Court (Massa v. Massa, 198 Misc. 149), nor of similar courts of a sister State with respect to arrears which have vested thereunder. (Falagario v. Noonan, 20 Misc 2d 30; Morse v. Morse, 3 Misc 2d 163.) In Morse, the Municipal Court had dismissed the complaint in an action to recover the difference between the amounts ordered by our Family Court and the *899 amounts decreed in a California divorce decree on the ground that our Family Court order barred the action. The Appellate Term reversed and granted plaintiff summary judgment, holding the Family Court powerless to modify the California decree, which was not modifiable in California. See Nadiak v. Nadiak (19 A D 2d 943) suggesting that the matter of arrears should be referred to the courts of the initiating State (Domestic Relations Law, § 37, subds. 6, 7) and noting that authority to modify or change a Florida decree may be vested only in the courts of that State, citing Morse and Falagario (both supra). (Cf. Matter of Friedman v. Friedman, 23 A D 2d 558; Grad, Conflict of Laws, 32 N. Y. U. L. Rev. 1327, 1332.) The authority to modify decrees of sister States, modifiable by the issuing courts, declared in Halvey v. Halvey (330 U. S. 610); Langerman v. Langerman (303 N. Y. 465) and Johnson v. Muelberger (340 U. S. 581), has not been exercised by our courts, at least with respect to arrears. (Steinhauser v. Steinhauser, 5 Misc 2d 539; see Little v. Little, 146 Misc. 231.) The authority of the Family Court, as a court of limited jurisdiction, to do so, even in futuro, has been questioned. (“Martin” v. “Sparks”, 202 Misc. 581.) The conflict which might ensue if the courts of each of the States undertook to modify the orders of the others has been noted. (Little v. Little, supra; see, also, Reisman v. Reisman, supra.)
In any event, orders of the Family Court are not res judicata. (Loomis v. Loomis, 288 N. Y. 222; Solomon v. Solomon, 120 N. Y. S. 2d 587; "Jokai” v. “Jokai”, 121 N. Y. S. 2d 517; “Morton” v. “Morton”, 199 Misc. 547; Morse v. Morse, 3 Misc 2d 163.)
Accordingly, we must conclude that the proceedings in the Family Court do not bar the plaintiff here.
However, although the “judicial proceedings” of a sister State must be given full faith and credit pursuant to the United States Constitution, the law is well settled that the constitutional mandate applies only to orders or judgments which are final. Where the courts of the State making the order or granting the judgment have power to modify the same, our courts are not required to enforce them. (Maltz v. Maltz, 279 App. Div. 52; Cosney v. Cosney, 235 N. Y. S. 2d 200; Rossi v. Rossi, 187 Misc. 543, affd. without opn. 269 App. Div. 821; Sistare v. Sistare, 218 U. S. 1; see Hatoff v. Hatoff, 41 Misc 2d 1007.) Even though not so requested or advised, this court is required to take judicial notice of the laws of other States. (CPLR 4511, subd. [a].)
*900 The applicable Pennsylvania statute (17 Purdon’s, Pa. Stat., § 263; June 19, 1939, P. L. 440, No. 250, § 1) provides: “ Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant.”
The Pennsylvania cases are uniform that this statute gives all its courts power to modify alimony, maintenance and support orders both in futuro and retroactively, including the modification or elimination of arrears. (Commonwealth v. Cieply, 162 Pa. Super. Ct. 346; Commonwealth ex rel. Chrstos v. Chrstos, 156 Pa. Super. Ct. 238; Commonwealth ex rel. Bortz v. Norris, 184 Pa. Super. Ct. 594; Commonwealth ex rel. Kozlowski v. Kozlowski, 176 Pa. Super. Ct. 24.)
Accordingly, the court takes judicial notice of the Pennsylvania law that past-due installments of alimony and support are not vested and can be altered by subsequent modification of the order or decree, both as to amount and time of payment. It follows that plaintiff’s action is prematurely brought with respect to the arrears under the Pennsylvania order. Unless and until the Pennsylvania arrears are reduced to a final judgment, authorized under the above-cited Pennsylvania cases, no action will lie thereon in New York. The rule is similar in New Jersey. The order of the New Jersey court, apparently based upon the Pennsylvania order, is likewise subject to retroactive modifications in New Jersey. (Maltz v. Maltz, supra; Rossi v. Rossi, supra; Cosney v. Cosney, supra, all citing New Jersey authorities.) Even assuming constitutional power in our courts to direct such retroactive modification (Halvey v. Halvey and Langerman v. Langerman, both supra), this court patently has no such jurisdiction. Accordingly plaintiff’s motion for summary judgment is denied, and defendant’s motion to dismiss is granted only to the extent of dismissing the complaint without prejudice to a new action when, as and if plaintiff reduces the orders of the Pennsylvania or New Jersey courts to final judgment in such States.