Jacob T. Zukerman, J.
This case presents a novel question raised by the petitioner in response to the motion of the respondent to dismiss this petition for support of an adult child who is mentally disabled.
The motion to dismiss was made in accordance with the recently enacted chapter 256, Laws of 1966 which amended, among other laws, section 101 of the Social Welfare Law and sections 413, 415 and 443 of the Family Court Act, effective April 30, 1966. These amendments eliminate the responsibility of a parent for the support of any child over the age of 21. The petitioner opposes the motion to dismiss on the grounds that *611 such dismissal would be a deprivation of equal ^protection of the law and that it would deprive her of a vested right.

The factual situation.

The petitioner, on behalf of her daughter, aged 24, petitioned this court on February 16, 1965 for an order for the support by the respondent of the daughter, in accordance with article 4 of the Family Court Act. Petitioner relied on subdivision (b) of section 443 and on section 415 of the Family Court Act and on section 101 of the Social Welfare Law.
Section 415 of the Family Court Act at the time of filing of the petition, read as follows: (in part) “The husband, wife, father, mother or child of a recipient of public assistance or care or of a person likely to become in need thereof, if of sufficient ability, is responsible for the support of such person”.
As a result of chapter 256 of the Laws of 1966, the same portion of section 415 now reads: ‘1 The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution of the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his minor child. ’ ’ (Italics supplied.)
Subdivision (b) of section 443 of the Family Court Act provided as follows at the time of filing of this petition: “(b) An order of support under this section may not run beyond the child’s minority. The court, may, however, extend the duration of such order beyond the child’s minority if the child suffers physical or mental disabilities or if there are other exceptional circumstances that warrant such extension.”
Under chapter 256, section (b) was eliminated. The full section 443 now reads: “If the court finds after a hearing that the father is chargeable under section four hundred thirteen with the support of his minor child and is possessed of sufficient means or able to earn such means, the court shall make an order requiring the father to pay weekly or at other fixed periods a fair and reasonable sum for or towards the support of such child.”
Section 101 of the Social Welfare Law, in part, read at the time of filing as follows: “1. The husband, wife, father, mother or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person ”.
As a result of chapter 256 of the Laws of 1966, effective April 30, 1966, the same portion of section 101 now reads: *612 “ 1. The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a minor child”. (Italics supplied.)
On June 11, 1965, an order of support was made directing the respondent to make certain monthly payments “ to and including the payment due January 1st, 1966, when the payments under this order shall automatically terminate ’ ’. It was further ordered “ that if the petitioner and/or Helen Jones feel that a support order beyond January 1st, 1966 is required and necessary, they, or either of them, may after December 1st, 1965 request that the case be rescheduled for a hearing on any available date after January 1st, 1966 for a reevaluation of the necessity of continued .support. At such hearing the petitioner has the burden of clearly establishing such continued need and the extent thereof ”.
By notice, dated December 30, 1965, petitioner requested “ that the case be rescheduled for a hearing on an available date after January 1st, 1966 for a reevaluation of the necessity of continued support of Helen Jones by the respondent”.
The rescheduled hearing on January 18, 1966 was adjourned pending an examination of Helen Jones by a court-appointed psychiatrist. Despondent at such hearing informed the court that he would continue voluntary temporary payments to the petitioner, without prejudice, until such time as there was a final determination by this court. At the adjourned hearing on June 20, 1966 the matter was set down for further hearing on September 9, 1966 with the right of respondent to move for a dismissal of the petition before such date.
On July 12, 1966, the respondent moved to dismiss on the basis of chapter 256 of the Laws of 1966.
The petitioner contends that “ such dismissal would deprive her of the equal protection of the laws and would be violative of the Federal and New York State Constitutions. Objection is also made based on the due process clauses of these constitutions, amplified by Sections 93 and 94 of the New York General Construction Law, which preclude the application of said Chapter 256 to destroy rights vested in petitioner by the filing of the petition and the judgment made herein on June 11th, 1965 ”.

The matter of “ equal protection of the law ”.

In support of her contention, petitioner points out that chapter 256 did not repeal, amend, modify or otherwise affect subdivision (c) of section 115 of the Family Court Act or article *613 3-A (Uniform Support of Dependents Law) of the Domestic Relations Law. She argues that since, under the Uniform Support of Dependents Law, a disabled child over 21 living-in another State would be entitled to support from a father living in New York, while under chapter 256 of the Laws of 1966, a similar child living in New York would no longer be entitled to such support, this would deny the equal protection of the law to the petitioner herein.
I hold that the equal protection of the law to the petitioner would not be violated. It would appear to me that the failure to also amend article 3-A of the Domestic Relations Law was one of omission rather than an intention to preserve this responsibility. Elimination of responsibility of parents for an adult child who is disabled was clearly intended as a matter of public policy. Governor Rockefeller in asking for the enactment of the law stated:
‘1 The legislation I have submitted * =::= * limits the class of relatives responsible for such support by eliminating the financial responsibility of a parent for an adult child who is blind or disabled. Furthermore, these limitations are applied not only to the new medical assistance program, but to all public welfare assistance programs, and to cases where care is provided pursuant to the Mental Hygiene Law.
‘ ‘ These far reaching limitations on the financial responsibility of relatives for support of the needy will lift an often heavy burden on those obligated to pay for assistance under existing State laws. Experience has shown that the financial responsibility of a broad class of relatives, imposed by statute, is more often a destructive, rather than cohesive, factor in family unity.”
There is no reason to assume that the Legislature intended to hold a New York parent responsible for his adult child’s support in another State in the light of its decision to eliminate such responsibility for similar children living within the State.
Furthermore, I believe that the listing of “ Persons legally liable for support of dependents ” in section 32 of the Domestic Relations Law is just that— a restatement of the law of responsibility for support of dependents, based on other sections of the Domestic Relations Law. This statement was undoubtedly included within article 3-A for the purpose of assisting in the interstate administration of the reciprocal support statutes of the various States.
For purposes of clarity, it would be most helpful if the State Legislature did specifically amend section 32 of the Domestic *614 Relations Law to eliminate subdivision 4, and also section 31 to modify subdivision 3, in accordance with the expressed intent of chapter 256 of the Laws of 1966.
It should be noted, too, that chapter 256, in eliminating responsibilty of the parent to support a disabled child over 21, places responsibility upon the State to provide support for such a person who resides in New York. This is a form of protection provided to the petitioner herein which might not be available to a similarly disabled individual in another State; it is a clear expression of the new public policy of the State and of its intention to assume responsibility for such disabled persons.

The question of vested rights.

Nor do I find merit in the argument of the petitioner that there is a destruction of a vested right. An order of this court is not a vested right. Not only is it always modifiable, but it is also subject to discontinuance; even arrears which have accrued under such an order may in the discretion of the court be cancelled (Family Ct. Act, §§ 451, 458).
There are no vested rights in orders which are subject to review (Matter of Atlantic Beach Towers Constr. Co. v. Michaelis, 21 A D 2d 875; Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494).
In addition, it has been held that orders of the Family Court are not res judicata (Smith v. Smith, 48 Misc 2d 895; Loomis v. Loomis, 288 N. Y. 222; Solomon v. Solomon, 120 N. Y. S. 2d 587; Jokai v. Jokai, 121 N. Y. S. 2d 517; “ Morton v. Morton ”, 199 Misc. 547; Morse v. Morse, 3 Misc 2d 163).
There was no common-law liability on the part of a parent for a child beyond minority (Matter of McClancy, 182 Misc. 866, affd. 268 App. Div. 876, affd. 294 N. Y. 760; Lair v. Lair, 276 App. Div. 775; Kinsey v. Kinsey, 107 N. Y. S. 2d 212). This responsibility was purely statutory and subject to discontinuance by legislation.
In this particular case, while the Trial Judge made a finding as to the responsibility of the respondent, it was based upon the then existing law that gave the court discretionary power to *■ extend the duration of such an order beyond the child’s minority if the child suffers physical or mental disabilities or if there are other exceptional circumstances that warrant such extension” (§ 443, subd. [b]) and also on the then existing duty of a parent “ of a recipient of public assistance or care of a person liable to become in need thereof ” to support such person (§ 415; italics supplied). This was wise and sound *615 because it was then the declared public policy of the State that parents should support such a child. That is no longer the case today.
Parenthetically, would it be “ equal protection under the law ’ ’ if a mentally disturbed child who reached the age of 21 on or after May 1, 1966 were denied the support of the father, while one who became 21 and who had filed a petition prior to April 30,1966, were allowed to continue to enforce such responsibility?
Petitioner contends that the law as written indicates the intention of the Legislature to apply the new provisions prospectively only. She cites the wording of the amendments to section 415 of the Family Court Act and section 101 of the Social Welfare Law that “ a parent shall be responsible only for the support of a minor child” (italics are those of the petitioner). She argues that “ this speaks of future, especially when contained in the same section with the proviso that a parent is responsible for the support of such person ” (italics are those of the petitioner). I disagree. I read the words “ shall be ” to indicate an emphasis on the change in the then existing law to distinguish it from what continues to be part of the law. These words, it seems to me, are merely intended to stress that the parent is no longer responsible for a child beyond minority in any case, while he continues to be responsible for the support of a child during minority.
In passing upon the constitutionality of those sections of the act which have been attacked here and in arriving at a decision upon this motion, the court does not presume to express its opinion as to the wisdom of the change made. There were and still are many arguments for and against the elimination of responsibility of a parent for a child over 21 who is unable to maintain himself because of an infirmity and who is or is likely to become a public charge. Of course, there will be cases, as in this one, in which the parent may be of sufficient means to provide support. On the other hand, there are and probably always will be many other cases in which continued support by a parent may be a very taxing and sometimes relationship-destroying experience. It is not the function of this court to decide upon what the public policy of the State shall be. That is the function and prerogative of the Legislature, which in its wisdom, adopted this change.
I find that under the new law, the father of a child over the age of 21 has no continuing responsibility for support of that child, regardless of the circumstances or of the fact that there is or was an existing order of this court for such support. The motion to dismiss the petition is granted.
*616 Counsel for the petitioner requests, in his brief, that he be awarded counsel fees. Counsel may submit such application, with copy to opposing counsel, setting forth the basis for such a request. Either party may request a hearing thereon.