Hakry T. Nusbatjm, J.
This action was instituted pursuant to the provisions of CPLR 3213 by the service of a summons together with a notice of motion for summary judgment. The genesis of the action lies in a certain proceeding for support brought under article 4 of the Family Court Act in the Family Court of the City of New York, County of Queens, and the failure of the defendant Univac Division, Sperry Rand Corp., to fully comply with the terms of a “ payroll deduction order ’ ’ issued out of that court in that proceeding. The order, which directs the said defendant to deduct and withhold from the salary, wages or commissions of one Lawrence Boatswain, the plaintiff’s husband, the sum of $120 per week and to remit such, sum to the account and records branch of the Family Court, was issued pursuant to the provisions of sections 442 and 443 of the Family Court Act and section 49-b of the Personal Property Law. The order in question was signed on March 9, 1970, and was served upon the defendant at its New York office shortly *350 thereafter. The following additional undisputed facts may be helpful towards a clear understanding of the issues here involved.
The plaintiff’s husband Lawrence Boatswain is employed by the defendant corporation in St. Paul, Minnesota, and resides in Minnesota. Under section 550.37 of the Minnesota Statutes, a statute entitled “ Property exempt”, 75% of an individual’s disposable earnings are not subject to attachment, garnishment or levy.
The defendant, on one hand faced with the Family Court order requiring a deduction of $120 per week, which exceeds considerably the attachable 25% of the employee’s earnings, and on the other hand with the conflicting Minnesota statute which prohibited garnishment or attachment of more than 25% of an individual’s earnings, initially made no payments. Their employee Boatswain, however, instituted an action against his employer in the District Court, Ramsey County, Minnesota, which sought a restraining order prohibiting the defendant from deducting from his wages any amount in excess of the maximum permitted under the Minnesota statute, and in that proceeding moved for a temporary restraining order. As a result, on June 12,1970 an order was signed by a Judge of the District Court of the County of Ramsey, Minnesota, which enjoined and restrained the defendant Univac from withholding or deducting from the wages due to Lawrence Boatswain any sum in excess of the amount permitted under section 550.37 of the Minnesota Statutes.
This then is the present posture of the matter.
The plaintiff seeks to enforce the provisions of the Family Court payroll deduction order dated March 9, 1970, requiring the defendant to deduct and pay over out of Lawrence Boatswain’s salary the sum of $120 per week for family support, while the defendant assumes the guise of an injured stakeholder and refuses full compliance on the basis of the restraining order issued out of the Minnesota District Court. Thus far, the defendant, pursuant to that order, has remitted sums which, I assume, are equal to 25% of its employee’s disposable earnings.
In resisting the plaintiff’s cause of action, the defendant raises the following interesting questions:
1. Does this court have jurisdiction of the subject matter of this action?
2. Is the action properly instituted under the provisions of CPLR 3213?
3. Does the payroll deduction order have the force and effect of a judgment?
4. Is the law of Minnesota or the law of New York applicable in this matter?
*351 5. Does the full faith and credit clause of the Constitution of the United States require unquestioning recognition of the order of restraint issued by the Minnesota court?
In contesting this court’s jurisdiction the defendant claims that under section 460 of the Family Court Act a judgment upon an order issued pursuant to the provisions of section 49-b of the Personal Property Law may only be entered in the Family Court.
I am not in agreement with that contention. Section 460 of the Family Court Act provides for the entry and docketing of a judgment based upon the default of a party to the proceeding. The defendant in this action was not a party to the Family Court proceeding and the service of the payroll deduction order upon it did not make it a party to that proceeding. In addition, subdivision 3 of section 460 of the Family Court Act distinctly states ‘ ‘ The relief provided for herein shall be in addition to any and every other remedy which may be provided under the law ’ ’. The Family Court is a court of limited jurisdiction and has no jurisdiction over a plenary suit for a money judgment against an individual not a member of the family unit, nor does it have general jurisdiction to enforce the collection of judgments (Family Ct. Act, § 115).
The special enforcement procedures authorized under section 454 of the Family Court Act are clearly not applicable in the case at bar, as such procedures are also directed solely at respondent members of the family unit who failed to comply with a court order.
The defendant has cited, in support of its contention that this court lacks jurisdiction of the matter, the cases of Reisman v. Reisman (46 N. Y. S. 2d 335), Kafalian v. Kafalian (27 Misc 2d 1065) and Smith v. Smith (48 Misc 2d 895). It must be noted that in each of the cited cases the action was between the husband and wife and not between the wife and a third party who was not a party to the Family Court proceeding. Because of this factor, Judge Fein stated in the case of Smith v. Smith (supra, p. 896): “ The rationale of these and other cases so holding is that the Legislature has provided exclusive enforcement remedies in the proceedings or actions in those courts which pretermit independent actions.”
As I have previously noted, the Family Court is a court of limited jurisdiction and has no jurisdiction beyond that conferred upon it in section 115 of the Family Court Act. It is difficult to believe that the Legislature, when it passed section 49-b of the Personal Property Law which authorized the issuance of a payroll deduction order in connection with the payment of moneys ordered paid for family support, intended to make such an order *352 unenforceable, if not obeyed. As was pointed out in Morse v. Morse (3 Misc 2d 163) and in Smith v. Smith (supra), this court has the jurisdiction to give the plaintiff herein the relief required.
The next questions to be considered are the applicability of CPLR 3213 to the facts in the case at bar, and whether the payroll deduction order issued out of the Family Court can be given the force and effect of a judgment.
CPLR 3213 reads in part as follows: “When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint ”. In the case at bar the action is based upon an order issued out of the Family Court directing the employer of the plaintiff’s husband to deduct and pay over the sum of $120 per week. It is my considered judgment that the instrument in question is an instrument for the payment of money only and falls within the purview of CPLR 3213.
It is further alleged that the order in question, because it is subject to modification, is not and cannot be considered a final judgment; and that no action under CPLR 3213 can be based thereon. I find no merit to the argument. CPLR 3213 does not use the phrase final judgment, but refers only to a judgment. CPLR 5101 on the other hand, permits an order directing the payment of money to be docketed as a judgment and equates and gives the same force and effect to orders directing the payment of money and interlocutory judgments as to final judgments with respect to the enforcement thereof. (5 Weinstein, Korn-Miller, N. Y. Civ. Prac., par. 5101.06.) As a result, I am of the opinion, under the present posture of the law, that the existence of the right to modify an order upon application to the court issuing the order, does not change the character of the instrument in question nor deprive the plaintiff of proceeding thereon pursuant to the provisions of CPLR 3213.
On the question of the conflict of laws between section 550.37 of the Minnesota statutes and the laws of New York State which permit the fixing of reasonable sums for family support (Family Ct. Act, §§ 412 and 413), I am of the opinion that the law of New York State must be followed. In the case of Downs v. American Mut. Liab. Ins. Co. (14 N Y 2d 266), the Court of Appeals in a similar fact situation upheld the application of the New York law as opposed to the Massachusetts law. There, as here, the family unit resided in New York, although her husband resided in another State (Massachusetts).
New York is where the parties resided prior to their separation and where the plaintiff and her child now reside. It is New *353 York that is faced with a problem of the plaintiff and her child becoming public charges if the husband evades the responsibility of support adjudicated prior to the husband’s removal to Minnesota. As New York undoubtedly has the most significant concern and a predominant interest in assuring support to the New York wife and child, I am of the opinion that the law of New York is applicable (Downs v. American Mut. Liab. Ins. Co., supra; Estin v. Estin, 334 U. S. 541).
Intertwined with the conflict of laws question is the question of whether full faith and credit must be afforded to the order of'the Minnesota District Court by this court. In the case of Estin v. Estin (supra), the Supreme Court of the United States held that even though the decree of divorce obtained in a sister State was not subject to attack and was entitled to full faith and credit, and though such decree made no provision for alimony, the prior separate maintenance decree obtained in New York survived the decree of divorce obtained in Nevada. This view was further enlarged in the case of Vanderbilt v. Vanderbilt (1 N Y 2d 342, affd. 354 U. S. 416). In that case the Court of Appeals of New York State held that the wife could have her right to support adjudicated even after the husband secured the divorce in a sister State (see, also, Armstrong v. Armstrong, 350 U. S. 568, 575). I find that these cases are analogous to the situation now before me, and that the fact situation of the case at bar cries out even more strongly for the denial of full faith and credit to the order of the Minnesota court. In both the Estin and Vanderbilt cases jurisdiction over the wife had been properly obtained in the foreign jurisdiction. That is not the situation in this case. The wife was not named as a party to, nor served with any papers in connection with the husband’s action to restrain his employer from paying out a sum mandated for support by the New York court.
The family support order, upon which this action is based, arose out of a proceeding in the Family Court in which that court had personal jurisdiction of both parties. If the full faith and credit clause of the Constitution of the United States was to be honored, it is my opinion that the Minnesota court should have given full recognition to the Family Court payroll deduction order which provided the means to enforce support of the plaintiff and her child.
The Minnesota court, without ever obtaining jurisdiction over the plaintiff, nevertheless issued an order which curtailed the right of the spouse and child to support previously adjudicated in the New York courts. Under such circumstances, the New York courts are not required to give it recognition. As Mr. Jus *354 tice Black stated in delivering the opinion of the court in Vanderbilt v. Vanderbilt (pp. 418-419): “ It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant * * # Therefore, the Nevada decree, to the extent it purported to affect the wife’s right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition. ’ ’
The defendant herein, although nominally a stakeholder, has skillfully pleaded the husband’s cause. It has made its choice of the law it wished to follow. Having chosen to follow the law of Minnesota, and the order of the Minnesota court, while ignoring the order of the Family. Court of New York, it cannot now be heard to complain that a judgment will be entered against it. Prudence should have dictated a withholding of the sum of $120 per week from the employee-husband’s salary, even though it only remitted 25% of the salary in partial compliance of the Family Court order, until this matter was finally adjudicated.
For all the reasons hereinabove set forth, the plaintiff’s motion for summary judgment pursuant to the provisions of CPLB 3213 is granted, and the defendant’s cross demand for summary judgment pursuant to the provisions of CPLB 3212 (subd. [b]) is denied.