(162 App. Div. 364)

KENNAHAN v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. May 15, 1914.)

1. MUNICIPAL CORPORATIONS (§ 120*)—ORDINANCES—CONSTRUCTION.

The power to enact ordinances is a legislative function which, when legally exercised, gives to legally enacted ordinances the same effect within the city as a statute, and an ordinance must be construed by the rules governing the construction of statutes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 274–280; Dec. Dig. § 120.*]

2. STATUTES (§ 203*)—CONSTRUCTION—SUPPLYING OMISSIONS.

If the Legislature fails to insert such provisions in a statute as will accomplish the result intended, their omission cannot be remedied by construction, and the law must, to that extent, be considered defective and inoperative; the court having no power to interpolate words or phrases.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 281; Dec. Dig. § 203.*]

3. MUNICIPAL CORPORATIONS (§ 111*)—ORDINANCES—VALIDITY.

An ordinance, designating a certain newspaper to publish election notices and canvasses of votes, which failed to show that it represented either of the two principal political parties as required by statute, or that it was to supersede either of the newspapers previously legally designated to represent the Democratic and Republican parties, was void because of its vagueness and omissions, which the court could not supply.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 245–256; Dec. Dig. § 111.*]

Appeal from Special Term, Queens County.

Action by John C. Kennahan against the City of New York and the Long Island Star Publishing Company. From a judgment for plaintiff, the last-named defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Francis J. Byrne, of New York City, for appellant.

F. H. Van Vechten, of New York City (Douglas B. Green, of New York City, on the brief), for plaintiff respondent.

William E. C. Mayer, of New York City (Terence Farley, of New York City, on the brief), for defendant respondent.

RICH, J. March 1, 1904, the board of aldermen of the defendant the city of New York adopted an ordinance, which was approved by the mayor March 7th following, designating the Long Island Farmer,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes'

a newspaper published by the plaintiff, as representing the Democratic party, and another newspaper as representing the Republican party, to thereafter publish notices of election in the borough of Queens and the official canvasses of votes cast in said borough. This ordinance was never directly amended or repealed, and, if not impliedly repealed by the adoption of a subsequent ordinance, was operative and controlling when the plaintiff published the notice and canvass of votes for which he has recovered. On July 9, 1912, without specifically repealing or in any manner referring to the ordinance of March 1, 1904, the board of aldermen adopted an ordinance by which they designated the Daily Star, a newspaper published by the appellant at Long Island City, to publish the election notices and canvass of votes cast in the borough of Queens thereafter. This ordinance was transmitted to the mayor, who, on September 24, 1912, returned it without his approval, though it was not disapproved. The board of elections of defendant city received the notice of the general election to be held in November, 1912, on July 13th of that year, and requested the appellant to publish the same in its paper, the Daily Star, and furnished the copy therefor. Such notice, and the official canvass of votes cast in the borough of Queens in November, 1912, were published in both papers, the Long Island Farmer, published by plaintiff, and the Daily Star, published by appellant, and each publisher filed a claim against the defendant city for the fees allowed by law for such publication. The plaintiff brought this action to recover the fees claimed by him, and the appellant has been made a party defendant.

[1-3] Two questions are presented for consideration: First, whether the ordinance of July 9, 1912, is valid; if it is, its effect on the ordinance of March 1, 1904; and, second if valid, when did it become operative? The learned court at Special Term held that the ordinance of July 9, 1912, was void. The ordinance designating the Daily Star must be construed by the rules governing the construction of statutes for the reason that the exercise of the power to enact ordinances is a legislative function which, when legally exercised, gives to legally enacted ordinances the same force within the city that attaches to a statute which to all intents and purposes it is. The case is controlled by the familiar rule of statutory construction that, if the Legislature fails to insert such provisions in the law as will accomplish the result intended, their omission cannot be remedied by construction, and the law must, to that extent, be considered defective and inoperative; the court having no power to interpolate words or phrases. Furey v. Town of Gravesend, 104 N. Y. 405, 410, 10 N. E. 698. Under this rule, the ordinance, as adopted, being defective, inoperative, and void because of its vagueness and omissions, as was pointed out by the learned Justice at Special Term, "that it nowhere appears therein that the Daily Star, the newspaper designated in said ordinance, at that time represented one of the two principal political parties into which the electors of the county were divided, as required by the statute. Nor does it appear in said ordinance that the newspaper the Daily Star was to supersede or take the place of the Long Island Farmer, a newspaper representing

the Democratic party, or that it was to supersede or take the place of the Flushing Times, a newspaper representing the Republican party, both newspapers having been duly designated in the ordinance adopted by the board of aldermen on March 1, 1904"—the courts cannot interpolate such provisions as are necessary to give it validity, or construe it as if such provisions were in fact a part of its contents. I think the judgment must be affirmed.

The plaintiff insists that, having brought his action at law for the recovery of money only, in which he was entitled to costs as matter of right, the trial court did not exercise a sound discretion in refusing him costs. The question of costs was within the discretion of the trial court, and I do not think it lies with us, in view of the facts, to interfere with the manner in which the discretion was exercised, which seems to have been proper.

Judgment affirmed, with costs to the plaintiff respondent only. All concur.