MILDRED M. RICE, APPELLEE, v. SAMUEL G. RICE,
APPELLANT.

87 N. W. 2d 408

Filed January 10, 1958. No. 34294.

*Elven A. Butterfield,* for appellant.

*Clarence S. Beck,* Attorney General, *Richard H. Williams,* and *Harold Rice,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order entered by the district court for Antelope County under the provisions of the Uniform Reciprocal Enforcement of Support Act. The trial court found that a duty to support existed, and ordered the respondent to pay $75 a month for the support of three minor children, to furnish a recognizance in the form of a cash deposit or bond in the amount of $1,500, and to pay an attorney's fee in the amount of $100 to be taxed as costs. From the final order thus rendered the respondent has appealed.

The evidence shows that Mildred M. Rice, the petitioner, and Samuel G. Rice, the respondent, were mar-

ried at Scottsbluff, Nebraska, on June 3, 1931. The petitioner, who had become a resident of the State of Oregon, obtained a divorce from the respondent in that state on November 14, 1955, by which the care and custody of five minor children of the parties was given to petitioner. A division of property was made in the decree granting the divorce, but no order was made for the support of the minor children by the respondent.

The record shows that petitioner presented a petition for referral to the State of Nebraska to the circuit court for Marion County, Orgeon, as provided by section 110.101 of the Oregon Uniform Reciprocal Enforcement of Support Act. O. R. S. 1955, c. 110, p. 723. The circuit court for Marion County, Oregon, entered its order pursuant to section 110.131 of the Oregon act, finding that respondent owed a legal duty to support his three minor children, Florence, Sammy, and Dale, ages 16, 13, and 8 years respectively, and directed that the petition be transmitted to the district court for Antelope County, Nebraska, under the reciprocal provisions of the Nebraska Uniform Reciprocal Enforcement of Support Act. The petition was filed pursuant to section 42-712, R. R. S. 1943. Issues were formulated, a hearing had, and an order entered which is the basis of this appeal. § 42-713, R. R. S. 1943.

The evidence shows that respondent is 70 years of age and in such poor health that he is unable to work. He is the owner of a $12,000 mortgage on a farm in Antelope County on which the interest and $500 of principal is payable each year. He is the owner of 320 acres of pasture land in Wyoming which produced a rental of $325 in 1956. Respondent stated that the rental of the Wyoming land is uncertain in that some years there are no rentals therefrom. He contends that his income does not exceed $1,040 a year and that the allowance of $75 a month for the support of the three minor children leaves him nothing for his own maintenance.

We know of no rule that limits the liability of a

father to support his minor children to income over and above his own living expenses. He has property valued in excess of $12,000 from which the payments of child support can be derived. The allowance of $75 per month for the support of his three minor children is reasonable under the circumstances shown, and that portion of the order is affirmed.

The respondent complains of that part of the order requiring him to furnish a recognizance in the form of a cash deposit or bond in the amount of $1,500. This requirement was made pursuant to section 42-715, R. R. S. 1943, which provides in part: "In addition to the foregoing powers, the court of this state when acting as the responding state has the power to subject the defendant to such terms and conditions as the court may deem proper to assure compliance with its orders and in particular: (1) To require the defendant to furnish recognizance in the form of a cash deposit or bond of such character and in such amount as the court may deem proper to assure payment of any amount required to be paid by the defendant; * * *." The evidence shows that the assets of the respondent within the jurisdiction of the court were personal property which could be disposed of for the purpose of defeating the court's order. The trial court did not abuse the discretion lodged with it by the statute in requiring the recognizance to be given in the amount of $1,500.

The respondent asserts that the trial court erred in allowing an attorney's fee in the amount of $100 or in any amount. The Oregon act provides that the district attorney shall represent the petitioner in proceedings under the act. The petitioner was represented in the district court for Antelope County by the acting county attorney. Attorney's fees may not be allowed to a prosecuting attorney for services rendered in his official capacity. § 23-1206, R. R. S. 1943. The order of the court provided that the attorney's fee allowed be divided equally between petitioner's attorneys in Ne-

braska and in Oregon. It is contended that, as no objection is made to the allowance of one-half the attorney's fee to petitioner's Oregon attorney, it should not be disturbed. The attorneys in both states were prosecuting attorneys acting in their official capacity. The rule as to each is the same. We necessarily conclude that the trial court erred in allowing an attorney's fee as a part of the costs.

The decree of the district court allowing petitioner $75 per month for the support of her three minor children and requiring respondent to give a recognizance in the amount of $1,500 is affirmed. The allowance of an attorney's fee for petitioner's attorneys is reversed. All costs are taxed to appellant.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.