William W. Serra, J.
An application is made by counsel for the petitioner in the above-entitled matter for allowance of counsel fees under section 438 of article 4 of the Family Court Act. The circumstances of the proceeding are substantially as follows: A proceeding was initially brought under the Uniform Support of Dependents Law of the State of Pennsylvania and of the State of New York (Domestic Relations Law, art. 3-A, §§ 30-43) for support from the respondent for his son. Upon the return of the proceeding, it was determined by the court that the respondent had fully and adequately and regularly for a period of about four years made weekly payments of $25 to the petitioner, all of which was in accordance with his written agreement with the petitioner as to support of the child. In lieu of a dismissal of the proceeding, an order of support at $25 per week was entered with the consent of the respondent and upon his stipulation for the support of the child of the parties, providing, however for a condition of a right to visitation.
Various hearings were held, testimony was taken and transcribed for the initiating court, and attempts were made in the orders to enforce the visitation rights which were bitterly contested by the petitioner. In the course of the proceedings, the petitioner engaged her own counsel, dismissing the services of the County Attorney, and eventually appeared in person in this court, the reciprocal court. Services of counsel have been extensive and the application is for fees to the extent of $1,027.50.
In opposition to the application, the respondent urges that section 438 of the Family Court Act does not apply to article 3-A of the Domestic Relations Law by reason of the provisions therein and particularly section 39 of the Domestic Relations Law affording nonresidents the aid and assistance of public counsel and requiring such counsel to fully represent the petitioner at all times and at all stages of the proceeding. The petitioner on the other hand urges, first, that the petitioner having been privately represented, she is entitled to counsel fees under section 438 and, in any event, that she having personally appeared, the petitioner and the child (who also appeared before the court) are entitled to have their counsel paid under section 438 since the proceeding has now become, in substance, an article 4 proceeding under the Family Court Act and is no longer a reciprocal proceeding under the Uniform Support of Dependents Law. There is no authority in any decision found by the court or offered by counsel for the payment of personal counsel in a Uniform Support of Dependents Law case in this State. The only authority urged by counsel is the ease of Matter of Anony *312 mous v. Anonymous (39 Misc 2d 995), as an inference of the court in that case. This is deemed to be not controlling, since the actual holding in that case is that counsel fees on appeal may not be allowed in absence of specific statute or authority, there being no such authority in the Family Court Act. The case of Kommel v. Karron (152 Misc. 294) is determined to be of no authority in this proceeding since it is prior to the enactment of the Family Court Act as well as the uniform act. The authority, if it exists, must be found within the framework of these statutes, this proceeding being completely in derogation of the common law.
The appearance of the petitioner and her son in person, it is contended, makes the proceeding fully in personam and therefore is in fact and in law a support proceeding under article 4 of the Family Court Act. If so, section 438 of that act would apply and an allowance should be made. The Appellate Division, Fourth Judicial Department, has recently affirmed that the jurisdictional requirements of the Family Court Act must be strictly complied with and are not waived by appearance under an improperly served summons after objection thereto. (Rodoe v. Noneus, 23 A D 2d 212.) The mere appearance of the petitioner for her own purposes in the reciprocal State upon a proceeding brought under the uniform- statute does not change the nature of the proceeding. Having chosen the method of procedure and thereby accepted it she must be bound by its benefits, including the right to public counsel, and its limitations, including waiver of the usual personal confrontation of the respondent and allowance of counsel fees. Because she was permitted to waive the delays and difficulties of deposition type proceedings, the proceeding is not ipso facto converted into something else. It remains a reciprocal proceeding and future enforcement will continue under the reciprocal statute. She will be entitled to the benefit of public counsel in both States or, at her option and with court permission, may appear in person or by personal counsel at subsequent hearings. The nature of the proceeding continues to be defined and limited by the Domestic Relations Law and its substantive and procedural authorizations. Her right to ask that she be allowed counsel fees or that her counsel be compensated must be found, therefore, in the framework of the procedure she has selected.
Since there is no provision in the Domestic Relations Law allowing such payment within the State, consideration should be given under section 42 of the New York State Act in article 3-A of the Domestic Relations Law as to interpretations and instructions which may effectuate the general purpose in those other States which have enacted this or similar legislation. *313 Section 42 provides for a uniform interpretation and construction of the Uniform Support of Dependents Law and therefore requires that consideration be given to the decisions of other jurisdictions. In the cases reviewed in other States it would appear that the authority is in favor of the respondent and does not support the petitioner’s claim for allowance of counsel fees. In Rice v. Rice (165 Neb. 778 [1958]), the court held it was improper to make an allowance of counsel fees to public prosecutors in either jurisdiction where they were duty bound to represent the obligee. In Ex Parte Helms (152 Tex. 480 [1953]), the court allowed counsel fees in a support situation. However, the allowance was made outside of any consideration of the Uniform Support Laws, where a California divorce decree was being enforced under the laws of Texas pursuant to a specific statute of the law of the forum allowing such counsel fees. The case of Peters v. Peters (249 Iowa 110, 116 [1951]), it was held as follows: “Subsection 1 of Code section 252A.6 provides a proceeding under this chapter shall be commenced by a petitioner or by a petitioner’s representative. Subsection 7 of section 252A.2 states petitioner’s representative shall mean a county attorney or other public officer charged by law with the duty of handling such proceedings. It is clear the chapter contemplates such proceedings shall be conducted by public officers without expense to petitioners for attorney fees. Davis v. Davis, 246 Iowa 262, 274, 275, 67 N. W. 2d 566, 573, cited by appellant, merely holds that a petitioner has, ‘ the right to engage his own attorney if he so desires.’” (See, also, 42 ALR 2d 768.) In Dean v. Dodge (220 Ark. 853 [1952]), the initiating State in sending forward the certificate of the Judge included in its certification of necessity the fees of the attorney of the petitioner. The court in the responding State held that the conclusions of the Judge of the initiating State are merely suggestive and that they are not binding on the responding State. Neither do they, however, invalidate the original order of the initiating State.
It is also urged that counsel fees may be allowed under subdivision 2 of section 34 of the Domestic Belations Law of the State of New York insofar as it provides as follows: “ 2. The court of the responding state shall have the poAver to order the respondent to pay sums sufficient to provide necessary food, shelter, clothing, care, medical or hospital expenses, expenses of confinement, expenses of education of a child, funeral expenses and such other reasonable and proper expenses of the petitioner as justice requires, having due regard to the circumstances of the respective parties. ’ ’ This court cannot construe attempts to define and restrict the visitation rights of the respondent, and *314 the engaging of counsel for that purpose as requiring or permitting an extension of the obvious meaning of this language, which is to make provision for unusual support problems not specifically enumerated.
By reason of the foregoing, it is determined upon the law that the court is without authority to make an award for counsel fees to the attorneys for the petitioner and the application is denied.