Joseph Jiudice, J.
This proceeding is brought under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A, §§ 30-43) by a mother residing in New York County for the support of her infant daughter against paternal grandparents residing in Dutchess County.
The evidence reveals many contradictions, and, therefore, casts grave doubt upon the relationship between the respondents and the infant child. Most of the controversy revolves around the issue as to whether or not the petitioner, Ann Lenti, entered into a marriage with the respondents5 son in the State of Florida in 1960.
However, the court does not make any determination in regard to said controversies in view of the fact that there is a more paramount issue of law which needs resolution by this court.
What are the duties of grandparents to support grandchildren who are recipients of public welfare funds?
The Legislature of the State of New York recently amended section 415 of the Family Coux-t Act, effective July 2, 1965 as follows: ‘ ‘ The husband, wife, father, mother or child of a recipient of public assistance or care or of a person liable to become in need thereof, if of sufficient ability, is responsible for the support of such person ”.
Before this recent amendment of section 415 of the Family Court Act, grandparents were obligated to support grandchildren who were recipients of public assistance.
Subdivision 1 of section 101 of the Social Welfare Law was recently amended by the New York State Legislature, effective September 1, 1965, as follows: “The husband, wife, fathei', mother, or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person ”.
Subdivision 1 of section 101 of the Social Welfare Law previously included grandparents as relatives who would be liable for the support of grandchildren who are recipients of public assistance or care.
The Uniform Support of Dependents Law of the State of New York is guided by the Domestic Relations Law. Subdivision 7 of section 32 of the Domestic Relations Law states as follows: ‘ ‘ For the purpose of this article, the following in one state are declared to be liable for the support of dependents residing or found in the same state or in another state having substantially similar or reciprocal laws * * * 7. Grandparent liable for *208 support of each of his or her grandchildren who is unahle to maintain himself or herself and is or is likely to become a public charge.”
Section 32 of the Domestic Relations Law was not amended by the Legislature and this court believes this section was not amended so that the status quo of the State of New York would not be disturbed with its sister States without further study.
In the support proceeding before this court all the parties are residents of the State of New York, and it appears inconceivable to this court that the Legislature would impose different sets of rules, depending on the remedy utilized in a particular controversy, and thereby impose divergent results upon the citizens involved therein.
This court cannot come to the incongruous conclusion that, if a petition for support of a grandchild is brought against a grandparent under the Family Court Act or under the Social Welfare Law, the grandparent would be excluded from responsibility, but if the same residents of this state brought a similar support proceeding’ under the Uniform Support of Dependents Law, a different conclusion would be reached and the grandparent would be liable to support a grandchild.
The Legislature has established the public policy of the State in its recent amendments to the Family Court Act and the Social Welfare Law by eliminating the statutory provision that a grandparent must support a grandchild who is a recipient of public assistance or likely to become in need thereof.
It would be inequitable, unreasonable and illogical to have this court obligate grandparents to support their grandchild when all parties are residents and citizens of the State of New York because this proceeding was started under the Uniform Support of Dependents Law rather than under the Family Court Act or the Social Welfare Law. There is no reason why this proceeding could not have been instituted under the Family Court Act of the State of New York. Therefore, the petition filed against the paternal grandparents, Joseph Lenti and Lucy Lenti, is hereby dismissed.