Hugh R. Elwyn, J.
This proceeding is brought pursuant to the provisions of the Pennsylvania Uniform Support Law and the New York Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A, §§ 30-43) by a divorced adult woman residing in Cambria County, State of Pennsylvania who is the recipient of public welfare, against her father, a resident of Ulster County, State of New York.
The respondent moves to dismiss the proceeding upon the ground that chapter 256 of the Laws of 1966 which amended among other laws, section 101 of the Social Welfare Law and sections 413, 415 and 443 of the Family Court Act, effective April 30,1966 eliminated the responsibility of a parent for the support of a child over the age of 21.
*350 The petitioner’s representative opposes the motion upon the ground that the Legislature failed to make any corresponding amendments to the Uniform Support of Dependents Law under which this proceeding is brought and that under the provisions of subdivision 4 of section 32 of the Domestic Relations Law ‘ ‘ parents ’ ’ are still said to be “ severally liable for support of each son or daughter twenty-one years of age or older whenever such son or daughter is unable to maintain himself or herself and is or is likely to become a public charge Reference is also made to subdivision 3 of section 31 of the Domestic Relations Law which defines a ‘ ‘ child ’ ’ as including ‘1 a son or daughter twenty-one years of age or older who is unable to maintain himself or herself and is or is likely to become a public charge.”
Thus, there is presented the anomalous situation where, by virtue of the amendments to the Social Welfare Law and the Family Court Act effected by chapter 256 of the Laws of 1966 which provide “ that a parent shall be responsible only for the support of a minor child ”, a New York parent is absolved of all responsibility for his adult child living in New York, even though the recipient of public assistance, while the same New York parent could by virtue of the fortuitous circumstance that another adult child, also the recipient of public assistance, resides in another State and the proceeding is, therefore, required to be brought under another statute, be held responsible for the latter’s support.
A similar anomalous situation existed with respect to the liability of grandparents for the support of grandchildren who were the recipients of,public assistance after the Legislature amended section 415 of the Family Court Act and section 101 of the Social Welfare Law so as to eliminate the responsibility of grandparents for the support of grandchildren (L. 1965, eh. 674, eff. July 2, 1965) and before it repealed subdivision 7 of section 32 of the Domestic Relations Law (L. 1966, ch. 131, eff. April 5, 1966) which provided that “ grandparents ” (were) “ liable for support of each of his or her grandchildren who is unable to maintain himself or herself and is or is likely to become a public charge.”
Presented with this situation, the court in Matter of Lenti v. Lenti (48 Misc 2d 206) declined to entertain a petition against paternal grandparents, saying (p. 208): “This court cannot come to the incongruous conclusion that, if a petition for support of a grandchild in brought against a grandparent under the Family Court Act or under the Social Welfare Law, the grandparent would be excluded from responsibility, but if the same residents of this state brought a similar support proceeding *351 under the Uniform Support of Dependents Law, a different conclusion would be reached and the grandparent would be liable to support a grandchild. ’ ’ *
More directly in point is Matter of Jones v. Jones (51 Misc 2d 610, 613) in which the court rejected the argument that the petitioner would be denied the equal protection of the law “ since, under the Uniform Support of Dependents Law, a disabled child over 21 living in another State would be entitled to support from a father living in New York, while under chapter 256 of the Laws of 1966, a similar child living in New York would no longer be entitled to such support ”.
In holding that the equal protection of the law to the petitioner would not be violated the court said (p. 613): “ It would appear to me that the failure to also amend article 3-A of the Domestic Relations Law was one of omission rather than an intention to preserve this responsibility. Elimination of responsibility of parents for an adult child who is disabled was clearly intended as a matter of public policy. ’ ’
Then, after quoting Governor Rockefeller’s message to the Legislature in asking for the enactment of the law establishing Medicaid the court concludes: “ There is no reason to assume that the Legislature intended to hold a New York parent responsible for his adult child’s support in another State in light of its decision to eliminate such responsibility for similar children living within the State.” (Matter of Jones v. Jones, supra, p. 613.)
Recognizing, however, that some ambiguity still remains by reason of the Legislature’s failure specifically to amend the Uniform Support of Dependents Law to eliminate the responsibility of a parent for the support of adult children living in other States, the court in Matter of Jones (supra, pp. 613-614) suggests that “ For purposes of clarity, it would be most helpful if the State Legislature did specifically amend section 32 of the Domestic Relations Law to eliminate subdivision 4, and also section 31 to modify subdivision 3, in accordance with the expressed intent of chapter 256 of the Laws of 1966.”
It is interesting and significant to note that there are presently pending before the State Legislature bills to amend sections 31 and 32 of the Domestic Relations Law to exclude from the definition of a child as used therein, a son or daughter 21 years of age or over who is unable to maintain himself or herself and is likely to become a public charge and to delete the provi *352 sions making parents liable for the support of adult children (S. Pr. No. 2259, A. Pr. No. 2859). Whether or not these bills will pass the Legislature and become law is as of this writing unknown, but their introduction is obviously a recognition of the fact that the Uniform Support of Dependents Law should be brought into line with the expressed public policy of this State as contained in chapter 256 of the Laws of 1966 eliminating the responsibility of parents for the support of adult children just as the Uniform Support of Dependents Law was previously amended in 1966 to bring it into line with the expressed public policy of the State as contained in chapter 674 of the Laws of 1965 eliminating the responsibility of grandparents for the support of grandchildren.
I am, therefore, of the opinion that it would not be in accord with the public policy of this State as expressed in chapter 256 of the Laws of 1966 to entertain this petition which seeks to hold a New York parent responsible for his adult daughter residing in another State even though the latter is the recipient of public assistance. The motion to dismiss the petition is granted.

 Subdivision 7 of section 32 of the Domestic Relations Law making grandparents liable for support of grandchild was subsequently repealed by chapter 131 of the Laws of 1966, effective April 5, 1966.