In the Matter of STATE WELFARE COMMISSIONER, Acting Herein By GEORGE F. FAIRBANKS, Welfare Investigator, on Behalf of DORA MINTZ, Respondent, *v.* ISIDOR MINTZ, Appellant.

Second Department, June 12, 1967.

*Joseph Kopelman* (*David A. Goldstein* of counsel), for appellant.

*J. Lee Rankin, Corporation Counsel* (*Stanley Buchsbaum* and *Patricia Zeserson* of counsel), for respondent.

CHRIST, J. The question we are called upon to determine is whether article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law or USDL) may be invoked to compel a New York resident to contribute to the support of his *nonresident* parent notwithstanding that such filial obligation was expressly repealed from other pertinent statutes, as respects *resident* parents, by the legislation enacted by this State (L. 1966, ch. 256) in order to qualify the State for benefits under the Federal Medicare program (U. S. Code, tit. 42, ch. 7, subch. XIX).

Petitioner, an agent of the Welfare Commissioner of the State of Connecticut, initiated this proceeding in the appropriate court of that State against appellant, a resident of New York, for an order for the support of the latter's indigent mother, who was hospitalized in a Connecticut State institution. The petition was transmitted by that court to the Family Court, Queens County, and a summons was issued out of the Family Court directed to appellant, pursuant to article 3-A of the Domestic Relations Law.

Appellant moved to dismiss the petition, claiming that the above-mentioned New York legislation concerning the Federal Medicare program, which amended various pertinent statutes and repealed others, eliminated the filial obligation to indigent parents as theretofore set forth in the · thus affected statutes. The Family Court denied the motion by order dated July 15, 1966, predicating appellant's liability upon subdivision 6 of section 32 of the Domestic Relations Law. That statute, which was not one of those altered by the 1966 amendments referred to above, provided that adults are liable for the support of indigent parents " residing or found in the *same state* or in *another state having* substantially similar or reciprocal laws " (emphasis supplied).

After a hearing, appellant was directed by an order dated October 11, 1966 to pay $26.95 a week, the maximum under the law, toward the support of his mother. He has appealed from both orders. For reasons that follow, we have concluded that the orders were erroneous.

There was, at common law, no legal duty upon a child to support his parents (*Matter of Errico,* 49 Misc 2d 1055, 1057, and cases cited). Such obligation was imposed by statute (Social Welfare Law, § 101; Family Ct. Act, § 415; and see· Mental Hygiene Law, former.§ 82; Administrative Code of the City of New York, former § 603–8.0, subd. a).

In 1966, in order to implement the Medical Assistance provisions of the Federal Social Security Act (Medicare), the Legislature struck out the word " child " from the above-mentioned sections of the Welfare Law and the Family Court Act and repealed the above sections of the Mental Hygiene Law and the Administrative Code (L. 1966, ch. 256, §§ 18, 46; and see §§ 51, 55 [eff. April 30, 1966]).

A reading of the Governor's message of March 9, 1966 (McKinney's 1966 Session Laws, vol. 2, pp. 2989–2990), urging the passage of the legislation to establish a program for the participation of New York State in the Federal Medicare program, shows that the enactment was intended not only to obtain for indigent parents the benefits of the Federal Medicare program but, at the same time, to " lift an often heavy burden on those obligated to pay for assistance under existing State laws." A memorandum to the Legislature in support of the proposed legislation, submitted by the Social Welfare Department (McKinney's 1966 Session Laws, vol. 2, pp. 2873–2876), also indicates that it was intended thereby to limit " ' responsible relatives ' of a recipient of public assistance to a spouse or a parent of a minor child."

Respondent concedes that "it may well be that the Legislature, in failing to modify the USDL [Domestic Relations Law, § 32, subd. 6] with regard to intra-state [*sic*] support liability, was guilty of an oversight or that repeal by implication must be deemed to apply." However, says respondent, that does not mean that the Legislature must be deemed to have intended to repeal the obligation across State lines. However, since the burden of support, which in part the legislation was designed to lift, is just as onerous across, as within, State lines, there is no basis for exempting the filial obligation across State lines from repeal. In view of the purposes of the 1966 amendments outlined above, we are of the opinion that the failure of the Legislature to remove the filial obligation, both intrastate and interstate, from subdivision 6 of section 32 of the Domestic Relations Law was due to an oversight and that repeal by implication should be deemed to apply (*Matter of Jones* v. *Jones,* 51 Misc 2d 610). This conclusion is confirmed by a later act of the Legislature (L. 1967, ch. 184, § 2) which repealed subdivision 6 of section 32, effective April 10, 1967.

The USDL may not be invoked against appellant for the additional reason that the statute (Domestic Relations Law, § 32) purports to impose the duty of support as between residents of this State and those of States which have "substantially similar or reciprocal laws". However, the laws in question are not substantially similar or reciprocal. On the contrary, the law of Connecticut, which still retains the filial obligation, is the antithesis of the present law of New York, which has abolished it.

Accordingly, the order dated October 11, 1966, should be reversed, on the law, and the proceeding dismissed, without costs. No questions of fact have been considered.

The appeal from the order dated July 15, 1966 should be dismissed, without costs. That order, denying a motion to dismiss the proceeding, was reviewed on the appeal from the final order of October 11, 1966. It is not a dispositional order and, therefore, is not separately appealable as of right (see Family Ct. Act, § 1012; *Matter of Taylor* v. *Taylor,* 23 A D 2d 747).

RABIN and MUNDER, JJ., concur with CHRIST, J.; UGHETTA, Acting P. J., and BENJAMIN, J., concur in the dismissal of the appeal from the order dated July 15, 1966 and concur in result as to the determination of the appeal from the order dated October 11, 1966.

Order of the Family Court, Queens County, dated October 11, 1966, reversed on the law and proceeding dismissed, without costs; and appeal from order of said court dated July 15, 1966 dismissed, without costs.