Peter M. Horn, J.
This motion is made by the Corporation Counsel of the City of New York for an order pursuant to CPLR 5015 (subd. [a], par. 4) relieving the petitioner of an order awarding custody of Richard Alan Lewis, age nine years, issue of the parties herein, to the respondent, on the ground that the court lacked jurisdiction to make such an order.
On February 28, 1961 custody of this child was awarded to the petitioner pursuant to a divorce decree granted in the State of Florida. The respondent was ordered to pay to the petitioner $20 per week for the support of the child.
*1093 In June, 1966 while the petitioner was living in Flordia, the child was sent to the respondent. The parties agreed he should visit and live with his father, who had since remarried, for a period of two months. In August, 1966, the petitioner, who did not remarry, informed the respondent of h&r intention of moving to California where she believed she would be able to find more suitable employment and requested the respondent to permit the child to remain with him for two additional months while she secured employment and adjusted herself to her new place of residence in California.
On December 19, 1962 the petitioner filed a petition in the Circuit Court of Florida requesting an order of support for the child under the Uniform Support of Dependents Law. Pursuant thereto the respondent, a resident of this county, was summoned before this court and on the consent of the respondent an order was made directing the respondent to pay $7 per week. It was thereafter increased to $15 per week starting October 9, 1964. On August 17, 1966 the respondent was brought before this court in the matter of alleged arrears due to the petitioner. Judge Moskoff of this court found that the respondent had paid $500 to the petitioner in court in the State of Florida (where the petitioner had him arrested for contempt of court while he was visiting his child there) and credited that sum against the alleged arrears. In view of his further finding that the child lived with his father for periods of time, he determined that there were no further arrears due to the petitioner. Since the child was still living with the respondent, he temporarily suspended the order of support with a proviso that it was to be reinstated when and if the child is returned to the petitioner. He also noted that the child had been with the father since the last week in June, 1965 and according to the respondent would be with him indefinitely.
On November 2, 1966 the matter appeared before me concerning alleged arrears and the custody of the child. The respondent had received the child in June, 1966 and the petitioner, by letters, requested extensions of time as she was not ready to accept him back. The last letter stated she expected to be ready in January, 1967. In the meanwhile the respondent arranged for a transfer of school records from Florida and entered him in Public School No. 14Q in Corona, Queens County, so that his education could be attended to. Since the petitioner was not in a position to accept custody, the respondent was seeking directions from the court. In the interest of the child’s welfare, the court was faced with determining the matter of immediate temporary custody and on the basis of all the facts, *1094 the court awarded custody to the respondent until further word could be received from the petitioner. At the court’s direction a transcript of the testimony was sent to the petitioning court on November 14, 1966 but no answering testimony of the petitioner has been received.
This notion is based upon an inquiry from the District Attorney of San Francisco, California, in behalf of the petitioner as to the legal authority upon which the court relied in rendering such a custody decision. The petitioner apparently is still in the State of California. We believe that no new petition has been filed in that State for a Uniform Support of Dependents Law proceeding since no papers were forwarded to us. The State attorney in Florida advised the court on November 23,1966: “ It is highly possible that the petitioner will pursue her remedies through the California court but, in the event the petitioner should return to this jurisdiction, we plan to keep the case pending temporarily.”
The respondent, in answering this motion, now requests that this court grant permanent custody of the child to him.
Does the Corporation Counsel have the authority to bring on this motion ?
The respondent urges that he is not an “ interested party.” Subdivision 7 of section 31 of the Domestic Relations Law provides that the Corporation Counsel shall represent a petitioner in a proceeding under the laws of the State or States wherein the petitioner and the respondent reside. Subdivision 9 of section 31 provides that ‘ initiating state ’ ’ shall mean the State of domicile or residence of the petitioner. Subdivision 3 of section 34 provides: “The court of both the initiating state and the responding state shall have the power to order testimony to be taken in either or both such states by deposition or written interrogatories, and to limit the nature of and the extent to which the right so to take testimony shall be exercised, provided that the respondent is given a full and fair opportunity to answer the allegations of the petitioner.”
Section 35 provides: “A proceeding to compel support of a dependent may be maintained under the article in any of the following cases: # *
“ 2, Where the petitioner resides in one state and the respondent is a resident * * * in another state having substantially similar or reciprocal laws.
“ 3. * * * the petitioner resides or is domiciled in such state (initiating) ” (italics mine).
Since admittedly the petitioner no longer resides nor is domiciled in the State of Florida, she has abandoned her pro *1095 ceeding in that State. While the Corporation Counsel had the power to represent the petitioner np to the time she changed her domicile and residence to California since the petitioner no longer has her domicile or residence in the “ initiating state ” where that court could comply with subdivision 3 of section 34 by ordering the petitioner’s testimony to be taken in this proceeding, the proceeding is not being maintained in the initiating State (Domestic Relations Law, § 35), he no longer can represent her. Obviously, since the petitioner has not initiated a proceeding in the State of California, the District Attorney of that State has no standing in any proceeding nor can the Corporation Counsel represent the petitioner at his request. These would be sufficient grounds upon which to dismiss this motion. However, the question of determining custody in a Uniform Support of Dependents Law proceeding presents a novel question of law. Furthermore, there is the question whether this court should grant permanent custody in this proceeding or in effect modify the provision of custody in the Florida court decree of divorce. Hence we will discuss the following questions:
Was the question of custody properly brought before the court and did it have jurisdiction to make the order of immediate temporary custody?
At the outset it should be made clear that the court never intended to modify the custody provision of the divorce decree in this proceeding. It merely determined ‘ ‘ immediate and temporary ” custody.
The respondent was troubled over the constant extensions requested by the petitioner for the respondent to keep the child. Considering that the petitioner was in effect “ neglecting ” the child since she was apparently making no plans for his welfare, the respondent consulted the Qucensborough Society for the Prevention of Cruelty to Children and the probation officer assigned to the case. After the probation officer conferred with the court, the respondent was ordered to produce the child in court so that the question of custody could be determined. After taking testimony the court stated:
“ It seems to me we ought to award custody at least for the present.
“ Probation Officer: Yes.
“ The Court: Custody of the child awarded to Respondent. Transcribe testimony of respondent and send to' petitioning court.” (Italics mine.)
Considering the facts before the court, some immediate action was warranted in the best interests and welfare of the child. *1096 Article VI of the New York State Constitution defines the jurisdiction of the Family Court and in section 13 (subd. b, par. [2]) provides “ the custody of minors except for custody * * * Section 115 of the Family Court Act defines the classes of cases where it has original jurisdiction and in subdivision (c) “ The family court has such other jurisdiction as is provided by law. ’ ’ The question of whether the Family Court has the jurisdiction to determine custody was raised in Matter of Chin v. Yen (41 Misc 2d 650). There it was held that the court had such jurisdiction and over persons named as parties in such proceedings. The petitioner brought the proceeding in this court and the court having jurisdiction of the parties could act in the best interest of the parties within the jurisdiction granted by the Constitution and the Family Court Act. The Family Court Act, as is pointed out in Matter of Chin (supra) defines no specific procedure for determining the question of custody in the Family Court. The respondent having orally applied for custody and there being need for an immediate and temporary order, the court acted within the spirit of section 141 of the Family Court Act which provides: ‘ ‘ § 141 Findings. This act defines the conditions on which the family court may intervene in the life of a child, parent and spouse. Once these conditions are satisfied, the court is given a wide range of powers for dealing with the complexities of family life so that its action may fit the particular needs of those before it.”
The Corporation Counsel urges that the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) contains no provision pertaining to an award of custody. In support he cites Aberlin v. Aberlin (3 A D 2d 417, 421) and in his quote he leaves out a very important part of the decision concerning a Uniform Support of Dependents Law proceeding, namely: “ This is not to say that such issues [custody] may not become inextricably involved in a support proceeding, but when and if they do, they must not be permitted to defeat the primary and summary purpose of the proceeding.” The case of Blois v. Blois (138 So. 2d 373 [Fla.]), also cited by the Corporation Counsel, concerned itself solely with the question of a counterclaim for divorce which has no application to the question presented here.
A similar question of jurisdiction was raised in Matter of Fleischer v. Fleischer (25 A D 2d 901). There the question was whether the responding court in a Uniform Support of Dependents Law proceeding could condition a support order with certain visitation rights granted to the respondent. As in the instant case there is no specific provision in article 3-A of the *1097 Domestic Eelations Law for authority to grant such an order. However, the court held: ‘ ‘ The sole question presented on this appeal is whether the Family Court had jurisdiction to condition the support order in the manner in which it did. We believe that it manifestly had such jurisdiction. The Family Court clearly had jurisdiction over the appellant against whom the order runs (Domestic Eelations Law, § 84), and section 447 of the Family Court Act clearly gives it the power to issue the order made in the present case.”
Section 447 of the Family Court Act provides: “ (a) In the absence of an order of custody or of visitation entered by the ■ supreme court, the court may make an order of custody or of visitation * * * even where the parents are divorced and the support order is for a child only.”
The question is answered in the affirmative.
Does the Family Court have jurisdiction to award custody to the respondent?
The order to which the motion is addressed is for temporary immediate custody. The respondent seeks that it be made permanent. The respondent and child are now residing within the jurisdiction of this court and the petitioner apparently resides in California. The bilateral decree of divorce of Florida is still binding upon the parties. However, the full faith and credit clause of the Federal Constitution does not apply to custody decrees. The responsibility of the New York court to act for the welfare of infants transcends the rule of comity (Matter of Bachman v. Mejias, 1 N Y 2d 575, 580, 581) but the power of the court to ignore the decree of the other jurisdiction should not be exercised in the absence of extraordinary circumstances demonstrating that otherwise the child will suffer (Matter of Lang, 9 A D 2d 401, 406, affd. 7 N Y 2d 1029). To modify the existing decree there must be a material change in circumstances affecting the welfare of the child (People ex rel. Foussier v. Uzielli, 23 A D 2d 260, 263).
In the light of the foregoing principles, the respondent may file a petition with this court pursuant to section 468 (now § 654) of the Family Court Act to modify the divorce decree of the State of Florida awarding custody of the child to the respondent based on a change of. circumstances of which he has already presented a prima facie case.
In the interim the order awarding temporary custody of the child to the respondent is continued until further order of this court.
The motion is denied.