Hugh R. Elwyu, J.
This proceeding is brought by a divorced wife residing in the State of California pursuant to the Uniform Reciprocal Enforcement of Support Act (California Code Civ. Pro., tit. 10a, part 3, §§ 1650-1690) and received by this court as the appropriate court of the responding State pursuant to the New York Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) for the purpose of obtaining an order requiring the respondent to support his dependents.
According to the petition the parties were married at New Haven, Connecticut on June 9, 1945 and were subsequently divorced in the State of Chihuahua, Republic of Mexico, on July 19,1967. The Mexican divorce incorporated by reference a separation agreement pursuant to which the defendant in that action, the respondent in this proceeding, was required to ■ pay the sum of $500 per month for the support of the petitioner and her two daughters, also 20% of any salary increases realized by him after the date of the separation agreement, and to furnish the plaintiff with copies of his Federal income tax returns. The petition alleges the respondent’s failure to make the support payments ordered by the Mexican court; claims arrearages in the amount of $1,927.50; and prays that the court find that the defendant owes a duty of support to the petitioner and a dependent minor child and that the court enter an order compelling the defendant to support his dependents.
If New York State had adopted the Uniform Reciprocal Enforcement of Support Act so that New York law contained the same provisions with respect to whom a duty of support is *461 owing as does California’s[1] then the New York courts would undoubtedly be required under the provisions of such reciprocal legislation to enforce the duty of support owing a former husband to his former wife imposed upon him by a foreign divorce decree (Government of Virgin Is. v. Lorillard, 358 F. 2d 172).
However, the Uniform Reciprocal Enforcement of Support Act of California and the New York Uniform Support of Dependents Law are not identical, and although substantially similar (Landes v. Landes, 1 N Y 2d 358), there is a substantial difference in respect to the persons liable for the support of dependents (Ross v. Ross, 206 Misc. 1073, 1075) and in the matter of procedural detail (Matter of County of Santa Clara v. Hughes, 43 Misc 2d 559, 564-565). Moreover, in resolving the legal rights and liabilities of the respective parties, this court, where there are differences, is governed by the New York, rather than the California statute (Matter of County of Santa Clara v. Hughes, supra, p. 565; Matter of Trent v. Loru, 57 Misc 2d 382, 386) so that if any relief is to be given to the petitioner in this State it must be under New York rather than California law (Ross v. Ross, supra, p. 1076).
The declared purpose of the New York Uniform Support of Dependents Law is “to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally liable for their support” (Domestic Relations Law, § 30). Section 32 of the Domestic Relations Law entitled “ Persons legally liable for support of dependents ” declares that ‘ ‘ For the purpose of this article, the following persons in one state are declared to be liable for the support of dependents residing or found in the same state or in another state having substantially similar or reciprocal laws * * * 1. Husband liable for support of his wife ”. (Emphasis supplied.)
The liability of a husband to support his wife depends upon the existence of a valid marriage and the continuance of the relationship of husband and wife. When that relationship ceases to exist the Family Court has no power to order support on behalf of an ex-wife (Matter of Carter v. Carter, 19 A D 2d 513; Fishberg v. Fishberg, 16 A D 2d 629; Matter of Travis v. *462 Travis, 54 Misc 2d 575; Matter of Glass v. Glass, 57 Misc 2d 76; “ Davies ” v. “ Davies ”, 187 Misc. 313; Liss v. Liss, 77 N. Y. S. 2d 242; Pinto v. Pinto, 91 N. Y. S. 2d 124). Consequently, the New York Uniform Support of Dependents Law which makes a ‘ ‘ husband liable for support of his wife ’ ’ (Domestic Relations Law, § 32, subd. 1) has been held to exclude any liability of a divorced husband for the support of his former wife (Matter of Fleischer v. Fleischer, 24 A D 2d 667; Ross v. Ross, 206 Misc 1073).
However, both Matter of Fleischer v. Fleischer, and Ross v. Ross (supra) were decided prior to the amendment of subdivision (c) of section 466 of the Family Court Act which conferred upon the Family Court jurisdiction to entertain an application to enforce the order or decree granting alimony of “ a court of competent jurisdiction not of the state of New York ” (Family Ct. Act, § 466, subd. [c]; L. 1965, ch. 355, eff. Sept. 1, 1965). This jurisdiction includes the power to enforce the support provisions of a Mexican divorce decree (Matter of Seitz v. Drogheo, 21 N Y 2d 181; Kagen v. Kagen, 21 N Y 2d 532; Matter of Thaler v. Thaler, 29 A D 2d 688; Gutillo v. Gutillo, 30 A D 2d 484).
The question presents itself as to whether the provisions of subdivision (c) of section 466 of the Family Court Act, which is a part of article 4 entitled “ Support Proceedings ”, may be interpolated into the New York Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) so as to afford relief in this reciprocal support proceeding to a divorced wife who has a Mexican decree incorporating a separation agreement providing support payments for her benefit.
In one of the earliest reported decisions construing the New York Uniform Support of Dependents Law the court declined to stretch the declared purpose of the act ‘ ‘ to secure support * * * for * * * poor relatives ” to impose liability upon five adult children residents of New Jersey for the support of their father, a resident of New York, since at common law no duty rests upon a child to support his parent and no express provision imposing such liability was to be found in the statutes (“ Vincenza ” v. “ Vincenza ”, 197 Misc. 1027). The court said (p. 1032): “ The boundaries of the New York Uniform Support of Dependents Law cannot be enlarged by the implications of other statutes but are fixed by the four corners of chapter 807 of the Laws of 1949, as amended. ’ ’
This conclusion was predicated upon the basic principle of statutory construction that any omission is to be remedied by the Legislature, not by the courts. If the Legislature fails to insert such provisions in the law as will accomplish the result *463 intended, their omission cannot be remedied by construction, and the law must be considered to that extent defective and inoperative. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 363; Furey v. Town of Gravesend, 104 N. Y. 405, 410; McKuskie v. Hendrickson, 128 N. Y. 555, 558; Matter of Second Ave. M. E. Church, 66 N. Y. 395; Kennahan v. City of New York, 162 App. Div. 364, 365, 366.)
Moreover, the court in “ Vincenza ”v.“ Vincenza ” (supra, p. 1032) held that former section 8 of the Uniform Support of Dependents Law (L. 1949, ch. 807; now Domestic Relations Law, § 41, entitled “ Construction of act ”) did not have the effect of incorporating other statutes by reference.
A more recent decision supporting a narrow construction of the Uniform Support of Dependents Law is Matter of Dannheim v. Babbitt (48 Misc 2d 310) in which the Family Court declined to expand the law’s coverage and held that section 438 of the Family Court Act authorizing the court to allow counsel fees was inapplicable to a reciprocal support proceeding under the Uniform Support of Dependents Law, with the result that an application for counsel fees was denied.
Conversely, in Matter of Trent v. Loru (57 Misc 2d 382) the Family Court left uncurtailed the coverage of the Uniform Support of Dependents Law which permits the court to base an adjudication of paternity on a respondent’s acknowledgment of paternity in open court, regardless of the lapse of time since the child’s birth, by holding that the two-year time limitation upon the commencement of paternity proceedings imposed by section 517 of the Family Court Act did not apply in Uniform Support of Dependents Law parternity proceedings.
In contrast to “ Vincenza ” v. “ Vincenza ” and Matter of Dannheim v. Babbitt (supra) in which the courts declined to expand the coverage of the statute beyond its express language through utilization of other statutes, there are three reported decisions of the Family Court and one of the Appellate Division, Second Department, in which to achieve socially desirable ends and to bring reciprocal support proceedings into line with the declared public policy of the State of New York with respect to its residents, the courts did just the reverse — i.e., instead of resisting an attempt to supply an omission in the statute they in effect found a repeal by implication of certain provisions of the Uniform Support of Dependents Law which were found to be repugnant to and in irreconcilable conflict with the dictates of other later statutes and which were deemed to express the more recently declared public policy of the State. (McKinney’s Cons. Laws of N. Y., Book, 1, Statutes, §§ 391, 398.)
*464 By chapter 146 of the Laws of 1958 which repealed chapter 807 of the Laws of 1949 and transferred the law to the Domestic Relations Law as article 3-A, “ grandparent[s] ” were made liable “ for the support of each of his or her grandchildren who is unable to maintain himself or herself and is or is likely to become a public charge ” (Domestic Relations Law, § 32, subd. 7, since repealed). Then in 1965 the Legislature amended section 101 of the Social Welfare Law (L. 1965, ch. 52, eff. Sept. 1,1965) and section 415 of the Family Court Act (L. 1965, ch. 674, eff. July 2, 1965) to eliminate grandparents from the list of those persons responsible for the support of a recipient of public assistance without making any corresponding amendment to section 32 of the Domestic Relations Law. In Matter of Lenti v. Lenti (48 Misc 2d 206) the court declined to entertain a petition to enforce a grandparents’ liability by reason of the amendments to section 101 of the Social Welfare Law and section 415 of the Family Court Act eliminating grandparents from those responsible for the support of a recipient of public assistance. The next year the Legislature repealed subdivision 7 of section 32 of the Domestic Relations Law (L. 1966, ch. 131, eff. April 5, 1966) thereby bringing the Uniform Support of Dependents Law into conformity with the Social Welfare Law and the Family Court Act.
In 1966 the Legislature enacted chapter 256 of the Laws of 1966 in order to qualify the State for benefits under the Federal Medicare program (U. S. Code, tit. 42, eh. 7, subch. XIX) and as part thereof amended section 101 of the Social Welfare Law to provide that “ a parent shall be responsible only for the support of a minor child ’ ’ and also amended sections 414, 415, and 443 of the Family Court Act to limit parents’ responsibility for support to that of a minor child without making.corresponding amendments to the Uniform Support of Dependents Law so that subdivision 3 of section 31 and subdivision 4 of section 32 of the Domestic Relations Law continued to impose liability upon parents for the support of children 21 years of age or older who were unable to maintain themselves or were likely to become a public charge.
Nevertheless, in Matter of Jones v. Jones (51 Misc 2d 610, 613) the court expressed the opinion “ that the failure to also amend article 3-A of the Domestic Relations Law was one of omission rather than an intention to preserve this responsibility ” and found “ no reason to assume that the Legislature intended to hold a New York parent responsible for his adult child’s support in another State in the light of its decision to eliminate such *465 responsibility for similar children living within the State. ’ ’ In Matter of Dabbs v. Burrell (53 Misc 2d 349, 352) the court, citing Matter of Lenti v. Lenti and Matter of Jones v. Jones (supra) concluded 1 ‘ that it would not be in accord with the public policy of this State as expressed in chapter 256 of the Laws of 1966 to entertain this petition which seeks to hold a New York parent responsible for his adult daughter residing in another State even though the latter is the recipient of public assistance. ’ ’ The next year the Legislature by chapter 184 of the Laws of 1967 amended subdivision 3 of section 31 of the Domestic Relations Law to redefine “ child ” to mean “ a child under twenty-one years of age ” and repealed subdivision 4 of section 32 of the Domestic Relations Law thereby eliminating any vestige of responsibility on the part of a New York parent for the support of nonresident adult children.
A similar situation existed by reason of the failure of the Legislature to repeal subdivision 6 of section 32 of the Domestic Relations Law which made an adult person liable for the support of his or her parents residing in another State having substantially similar or reciprocal laws and who are or were likely to become public charges when, by the passage of chapter 256 of the Laws of 1966 making appropriate amendments to the Social Welfare Law and the Family Court Act, it had eliminated the responsibility of adult persons for their resident parents. Nevertheless, in Matter of State Welfare Comr. v. Mintz (28 AD 2d 14) the court said: “ in view of the purposes of the 1966 amendments outlined above, we are of the opinion that the failure of the Legislature to remove the filial obligation, both intrastate and interstate, from subdivision 6 of section 32 of the Domestic Relations Law was due to an oversight and that repeal by implication should be deemed to apply * * * This conclusion is confirmed by a later act of the Legislature (L. 1967, ch. 184, § 2) which repealed subdivision 6 of section 32, effective April 10,1967.”
Thus, when the provisions of the Uniform Support of Dependents Law have been found to be in conflict with more recently enacted laws which reflected a change in the State’s social policy the courts have not hesitated to find repeal by implication. The correctness of the results arrived at in each of these cases was later confirmed by the repeal of the out-of-joint provisions of the uniform law.
At the other end of the spectrum — i.e., supplying an omission, rather than ignoring an obsolete one, stand two cases in the area of custody and one in the matter of counsel fees. In Matter of Fleischer v. Fleischer (25 A D 2d 901) the jurisdiction *466 of the responding court in a Uniform Support of Dependents Law proceeding to condition a support order with certain visitation rights to the respondent was questioned because there is no specific provision in article 3-A of the Domestic Relations Law for authority to grant such an order. However, the court held: “ The sole question presented on this appeal is whether the Family Court had jurisdiction to condition the support order in the manner in which it did. We believe that it manifestly had such jurisdiction. The Family Court clearly had jurisdiction over the appellant against whom the order runs (Domestic Relations Law, § 34), and section 447 of the Family Court Act clearly gives it the power to issue the order made in the present case Following the authority of Fleischer the Family Court in Matter of Lewis v. Lewis (55 Misc 2d 1092) a Uniform Support of Dependents Law proceeding predicated its authority to continue a temporary award of custody to the respondent upon section 447 of the Family Court Act, although there is no comparable provision in the uniform support law.
Finally, the Court of Appeals in Matter of Murdoch v. Settembrini (21 N Y 2d 759) affirmed the jurisdiction of the Family Court to utilize section 438 of the Family Court Act as its authority to award counsel fees to the petitioner’s attorney in a support proceeding brought under the Uniform Support of Dependents Law even though that law contains no authority for an award of counsel fees.
In the light of these decisions which under varying circumstances have insulated, contracted and expanded the New York Uniform Support of Dependents Law, what course should a responding court in New York adopt with respect to this California petitioner, an ex-wife who holds a Mexican divorce decree which incorporates a separation agreement providing for support payments for herself and her children? Should she be held to be precluded from securing support for herself, for lack of status as a wife (Domestic Relations Law, § 32, subd. 1; Matter of Fleischer v. Fleischer, 24 A D 2d 667; Ross v. Ross, 206 Misc. 1073), or may resort be had to subdivision (c) of section 466 of the Family Court Act to enforce the petitioner’s Mexican decree and thereby extend to the petitioner ex-wife the same relief that would be available to a resident ex-wife with a foreign divorce decree?
The declared public policy of the State of New York as found in its statutes and as interpreted by the courts gives no clear cut answer. The cases of “ Vincenza ” v. “ Vincenza ”, Boss v. Boss, Matter of Dannheim v. Babbitt, and Matter of Trent *467 v. Loru (supra) put the Uniform Support of Dependents Law into a water-tight compartment to be construed without reference to other laws and without deletions or additions from other sources; the cases of Matter of Lenti v. Lenti, Matter of Jones v. Jones, Matter of Dabbs v. Burrell and Matter of State Welfare Comr. v. Mints (supra) all seem to indicate that certain provisions of the Uniform Support of Dependents Law may be ignored if they are in conflict with the provisions of more recently enacted laws signaling a clear change in social policy and where to give them effect would be to impose a greater liability upon New York residents to nonresidents than to residents ; the cases of Matter of Fleischer v. Fleischer and Matter of Lewis v. Lewis (supra) which rely upon the authority of section 447 of the Family Court Act as authority for an award of custody in reciprocal support proceeding, although the Uniform Support of Dependents Law does not even contain the word custody, punched a large hole in the compartmentalized concept of the two laws; and finally in the case of Matter of Murdock v. Settembrini (supra), the Court of Appeals has approved a further spillage from the Family Court Act over into the Uniform Support of Dependents Law by permitting the Family Courts’ use of section 438 of the Family Court Act as authority for an award of counsel fees in a reciprocal support proceeding (contra, Matter of Dannheim v. Babbitt, supra). These latter decisions would seem to do considerable violence to the rules of statutory construction previously alluded to, but they also seem to point in the direction of fully interpolating article 4 of the Family Court Act into the Uniform Support of Dependents Law.
The enactment of the Federal Medicare program (U. S. Code, tit. 42; ch. 7 subch. XIX) as implemented by State legislation (L. 1966, ch. 256) which included amendments to the Social Welfare Law and the Family Court Act eliminating the responsibility of parents for the support of their adult children and adult children for the support of their parents signaled a clear and radical change in the social policy of the Nation and of this State which probably justified the courts in bringing the treatment of nonresidents into line with the treatment of residents even before the Legislature confirmed the results by subsequent legislation. In contrast, the amendment of subdivision (c) of section 466 of the Family Court Act conferring jurisdiction upon the Family Court to entertain applications to enforce the support provisions of foreign divorce decrees, and which was at first thought to be unconstitutional (see Matter of Burns v. *468 Burns, 53 Misc 2d 484; Matter of Broderson v. Broderson, 28 A D 2d 867; Matter of Seitz v. Drogheo, 28 A D 2d 892; contra Matter of Hinckley v. Hinckley, 54 Misc 2d 1; Matter of Hambleton v. Palmer, 54 Misc 2d 766) until the Court of Appeals held otherwise (Matter of Seitz v. Drogheo, 21 N Y 2d 181), speaks with no such clear and unequivocal voice. The policy of the law with respect to the rights and remedies of resident ex-wives holding foreign divorce decrees vis-a-vis nonresident ex-wives holding foreign divorce decrees remains unclear in the light of the declared policy of the Uniform Support of Dependents Law ‘‘ to secure support * * * for dependent wives.” At best “ the trumpet give(s) an uncertain sound.”[2]
Although, by the amendment of subdivision (c) of section 466 of the Family Court Act creating the right to enforce or modify the provisions of a foreign divorce decree, the Legislature created a new class of action or proceeding within the meaning of article VI (§ 7, subd. c) of the State Constitution (Matter of Seitz v. Drogheo, supra, pp. 184-186), I do not detect therein such a radical change in the social policy of the State of New York as would justify this court in importing this provision of the Family Court Act into the Uniform Support of Dependents Law so as to afford a remedy to the petitioner who for lack of status as a “ dependent ’ ’ as that term is defined in the uniform law is not entitled to relief in-this type of a proceeding (cf. Matter of Lenti v. Lenti, Matter of Jones v. Jones, Matter of Dabbs v. Burrell, Matter of State Welfare Comr. v. Mintz, supra). Nor can justification for importing subdivision (c) of section 466 into a Uniform Support of Dependents Law proceeding be found in those cases which approved the utilization of section 447 to support or award of custody and section 438 of the Family Court Act to authorize an allowance of counsel fees, for while those cases broadened or enlarged the powers of the Family Court in reciprocal support proceedings they did no essential violence to the fabric of the uniform act.
Article 3-A of the Domestic Relations Law is entitled ‘1 Uniform Support of Dependents Law; ” its declared purpose is “ to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support” (§ 30). “ ‘ Dependent ’ shall mean and include any person who is entitled to support pursuant to this article” (§ 31, subd. 4) and among those “Persons legally *469 liable for support of dependents ” is listed ‘ ‘ Husband liable for support of his wife ” (§ 32, subd. 1). Nowhere in the New York Uniform Support of Dependents Law is a husband made liable for the support of his divorced or ex-wife nor is the latter anywhere classified as a dependent. A divorced husband may owe a duty of support to his former wife by virtue of a divorce decree, but if so it is by virtue of the decree and not by virtue of status. The whole scheme and purpose of the New York law is to secure support for dependents (Landes v. Landes, 1 N Y 2d 358, 363, supra), the responsibility for which in every case arises by virtue of status rather than contract or court decree. The petitioner, having been divorced from her husband, no longer occupies the status of a wife and consequently is not a dependent entitled to support under the provisions of the New York Uniform Support of Dependents Law.
The New York Uniform Support of Dependents Law and subdivision (c) of section 466 of the Family Court Act extend relief to two mutually exclusive classes of persons — the former to dependent wives and the latter to ex-wives. In order for this court to enforce the provisions of a foreign divorce decree providing for alimony to an ex-wife in a reciprocal support proceeding the court would first have to find a repeal by implication of those provisions of the uniform law which make a respondent liable for the support of only those persons who by reason of their status occupy the position of a “ dependent ” as that term is defined in the law. “ Repeals by implication are not favored by the courts * * *. If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two apparently conflicting acts that construction should be adopted.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 391, 398.)
Since a reasonable field of operation broad enough to embrace the ambit of both statutes can be staked out, there is perforce no need to find a repeal by implication of any of the provisions of the Uniform Support of Dependents Law by reason of anything contained in subdivision (c) of section 466 of the Family Court Act. Moreover, no question of the equal protection of the law arises (cf. Matter of Jones v. Jones, 51 Misc 2d 610, 612-613, supra), for there is nothing in New York law to prevent a nonresident ex-wife from resorting to the procedure provided for by subdivision (c) of section 466 of the Family Court Act to enforce the alimony provisions of her out-of-State divorce decree provided she is willing to come here to commence *470 the proceeding[3]; she simply cannot do it through the medium of a reciprocal support proceeding.
In view of the stated policy of New York to provide support only for “ dependent wives ” I conclude that the remedy provided for by subdivision (c) of section 466 of the Family Court Act is unavailable to a divorced wife in reciprocal support proceeding in which this State is the responding State. Consequently, the proceeding, insofar as it seeks support for the petitioning wife, is dismissed. If a contrary result is desirable the Legislature might consider revising the scheme of the New York Uniform Support of Dependents Law by adopting the definition of terms contained in the Uniform Reciprocal Enforcement of Support Act.
Insofar as the petition seeks support for the petitioner’s daughters the matter is readily disposed of. The older one is over 21 and so the respondent owes her no duty of support (Domestic Relations Law, § 31, subd. 3; Family Ct. Act, § 413).
As for the younger daughter, the respondent exhibited proof to the court that for the past several months he had been paying $200 per month, which, considering the respondent’s income and financial means, the court considered to be fair and reasonable. There being no failure on the part of the respondent to provide fair and reasonable support for his minor daughter the petition insofar as it seeks support for her is likewise dismissed.

. The California Uniform Reciprocal Enforcement of Support Act contains the following definition of terms in § 1653:
(6) “Duty of Support ” includes any duty of support imposed or imposable by law, or by any Court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise.
(7) “ Obligor ” means any person owing a duty of support.
(8) “ Obligee ” means any person to whom a duty of support is owed and a state or political subdivision thereof.

For if the trumpet give an uncertain sound, who shall prepare for battle? So likewise ye, except ye utter by the tongue words easy to understand, how shall it be known what is spoken ? For ye shall speak into the air. (1 Corinthians 14, 8-9.)

 Subdivision (b) of section 422 of the Family Court Act provides: “Any party to a decree of divorce, separation, or annulment may originate a proceeding to enforce or modify a decree of the supreme court or a court of competent jurisdiction, not of the state of New York, as is provided in part six of this article.” (As amd. by L. 1968, ch. 331, § 1, eff. May 21, 1968; see, also, Landes v. Landes, 1 N Y 2d 358, 366.)